**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Laura D. Urban, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 5:17-cv-01005 (JRA) |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**
**THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**
**OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**
**ON WHICH RELIEF CAN BE GRANTED**

Defendants Federal Energy Regulatory Commission, Acting Chairman Cheryl A.
LaFleur, in her official capacity, and Commissioner Colette D. Honorable, in her official
capacity, by and through counsel, respectfully move this Court to dismiss the complaint in the
above-captioned proceeding for lack of subject matter jurisdiction under Rule 12(b)(1) of the
Federal Rules of Civil Procedure or, in the alternative, Rule 12(b)(6) of the Federal Rules of
Civil Procedure.  A Memorandum in Support is attached.

Respectfully submitted,

David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Nicholas M. Gladd
Attorneys

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Fax:  (202) 273-0901
Susanna Chu            Tel.     (202) 502-8464
                       Email Susanna.Chu@ferc.gov
Nicholas Gladd         Tel.     (202) 502-8836
                       Email Nicholas.Gladd@ferc.gov

June 20, 2017

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Laura D. Urban, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 5:17-cv-01005 (JRA) |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT FOR**
**LACK OF SUBJECT MATTER JURISDICTION OR,**
**IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**
**ON WHICH RELIEF CAN BE GRANTED**

David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

Susanna Y. Chu
Nicholas M. Gladd
Attorneys

Federal Energy Regulatory Commission
888 First St., NE
Washington, D.C. 20426

June 20, 2017

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

BACKGROUND .................................................................................................2

I. Statutory and Regulatory Background ........................................................2

II. Procedural Background .............................................................................3

ARGUMENT ....................................................................................................5

I. The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction ...............5

  A. The District Court Lacks Jurisdiction Because the Natural Gas Act
    Vests Exclusive Jurisdiction in the Courts of Appeals to Review
    Commission Actions Concerning Pipeline Certificate Applications ................6

    1. Courts Addressing the Issue Have Uniformly Held that the Natural
      Act Bars District Court Intervention in FERC Certificate Proceedings ......6

    2. Neither Section 717u of the Natural Gas Act, Nor the District Court's
      Jurisdiction Over Federal Question Cases or Declaratory Judgment
      Actions, Supports the Exercise of Jurisdiction Here ................................11

    3. NEPA and the APA Likewise Do Not Confer Jurisdiction ......................14

  B. Even if Filed in an Appropriate Court of Appeals, the Lawsuit Would Be
    Premature Because It Does Not Involve Final Agency Action ......................14

II. The Complaint May Be Dismissed, In the Alternative, for Failure to State a Claim
  on Which Relief Can Be Granted .............................................................16

  A. Fifth Amendment/Due Process Claims .........................................................17

  B. Claims Regarding Natural Gas Export Provision ...........................................18

  C. Alleged Deficiencies in Projects Staff's Final Environmental Impact
    Statement.................................................................................................19

CONCLUSION..................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Amalgamated Sugar Co. v. Bergland*,
    664 F.2d 818 (10th Cir. 1981) .................................................................................13

*Am. Energy Corp. v. Rockies Express Pipeline LLC*,
    622 F.3d 602 (6th Cir. 2010) .................................................. 6, 7, 10, 12-13

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40 (1999)..............................................................................................17

*Ark. La. Gas Co. v. Hall*,
    453 U.S. 571 (1981)................................................................................................8

*Beacon Theaters, Inc. v. Westover*,
    359 U.S. 500 (1959)..............................................................................................13

*B.R. MacKay & Sons v. United States*,
    633 F. Supp. 1290 (D. Utah 1986)........................................................................13

*Califano v. Sanders*,
    430 U.S. 99 (1977)...............................................................................................14

*City of Glendale, Cal. v. FERC*,
    No. 03-1261, 2004 WL 180270 (D.C. Cir. Jan. 22, 2004) .........................................15

*City of Rochester v. Bond*,
    603 F.2d 927 (D.C. Cir. 1979) .................................................................................14

*City of Tacoma v. Taxpayers of Tacoma*,
    357 U.S. 320 (1958)...........................................................................................7-8

*Columbia Gas Transmission, LLC v. Singh*,
    707 F.3d 583 (6th Cir. 2013) .................................................................................12

*Consol. Gas Supply Corp. v. FERC*,
    611 F.2d 951 (4th Cir. 1979) ...................................................................................7

*Cronin v. Ohio Dep't of Transp.*,
    No. 1:09CV2699, 2011 WL 1297294 (N.D. Ohio 2011) ...........................................14

*Del. Riverkeeper Network v. FERC*,
    No. 16-416, 2017 WL 1080929 (D.D.C. Mar. 22, 2017) ...........................................18

*DLX, Inc. v. Kentucky*,
    381 F.3d 511 (6th Cir. 2004) .......................................................................18

*Duke Energy Field Servs. Assets, L.L.C. v. FERC*,
    150 F. Supp. 2d 150 (D.D.C. 2001) ...........................................................14

*Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*,
    365 U.S. 1 (1961) .........................................................................................19

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
    463 U.S. 1 (1983) .........................................................................................11

*Guardian Pipeline v. 529.42 Acres of Land*,
    210 F. Supp. 2d 971 (N.D. Ill. 2002) ..........................................................10

*Hunter v. FERC*,
    569 F. Supp. 2d 12 (D.D.C. 2008) .................................................................8

*Kelo v. City of New London*,
    545 U.S. 469 (2005) .....................................................................................18

*Kokajko v. FERC*,
    837 F.2d 524 (1st Cir. 1988) .......................................................................15

*Louisville & Nashville R.R. Co. v. Donovan*,
    713 F.2d 1243 (6th Cir. 1983) ..................................................................9, 14

*Me. Council of the Atl. Salmon Fed. v. Nat'l Marine Fisheries Serv.*,
    No. 16-2155, 2017 WL 2456812 (1st Cir. June 7, 2017) ......................... 7-8

*Marsh v. Or. Nat. Res. Council*,
    490 U.S. 360 (1989) .....................................................................................16

*Minisink Residents for Envt'l Preservation and Safety v. FERC*,
    762 F.3d 97 (D.C. Cir. 2014) ...............................................................16, 20

*Murray Energy Corp. v. FERC*,
    629 F.3d 231 (D.C. Cir. 2011) .....................................................................16

*Myersville Citizens for a Rural Cmty., Inc. v. FERC*,
    783 F.3d 1301 (D.C. Cir. 2014) ...................................................................16

*Media Access Project v. FCC*,
    883 F.2d 1063 (D.C. Cir. 1989) ...................................................................13

*Mich. Consol. Gas Co. v. Panhandle E. Pipe Line Co.*,
  887 F.2d 1295 (6th Cir. 1989) ............................................................2

*Mims v. Arrow Fin. Servs., LLC*,
  565 U.S. 368 (2012).........................................................................12

*Nat'l Gas Pipeline Co. v. Fed. Power Comm'n*,
  128 F.2d 481 (7th Cir. 1942) ...........................................................12

*N.B. ex rel. Peacock v. District of Columbia*,
  794 F.3d 31 (D.C. Cir. 2015)............................................................17

*Nw. Ohio Properties, Ltd. v. Lucas Cty., Ohio*,
  No. 3:11CV1867, 2015 WL 3968751 (N.D. Ohio June 30, 2015) ...............6

*Osborne v. Madison Twp.*,
  No. 1:10CV1595, 2010 WL 4366029 (N.D. Ohio Oct. 28, 2010).............18

*Outdoor Power Equip. Inst., Inc. v. EPA*,
  438 F. Supp. 1092 (D.D.C. 1977) .....................................................13

*Panhandle E. Pipe Line Co. v. Utilicorp United Inc.*,
  928 F. Supp. 466 (D. Del. 1996).......................................................12

*Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*,
  270 F. Supp. 2d 1 (D.D.C. 2003) ........................................................8

*Rockies Exp. Pipeline LLC v. 4.895 Acres of Land, More or Less*,
  734 F.3d 424 (6th Cir. 2013) ...........................................................19

*Schneidewind v. ANR Pipeline*,
  485 U.S. 293 (1988)...........................................................................2

*Schulke v. United States*,
  544 F.2d 453 (10th Cir. 1976) .........................................................13

*Shearson v. Holder*,
  865 F. Supp. 2d 850 (N.D. Ohio 2011)..............................................17

*Sierra Club v. Slater*,
  120 F.3d 623 (6th Cir. 1997) ...........................................................14

*Skelly Oil Co. v. Phillips Petroleum Co.*,
  339 U.S. 667 (1950)..........................................................................13

iv

*Steamboaters v. FERC*,
    572 F. Supp. 329 (D. Or. 1983) ...................................................................9

*Sw. Center for Biological Diversity v. FERC*,
    967 F. Supp. 1166 (D. Ariz. 1997) ......................................................... 8-9

*Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*,
    2 F. Supp. 2d 106 (D. Mass. 1998) ..................................................... 6-7, 10

*Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less*,
    749 F. Supp. 427 (D.R.I. 1990)..................................................................10

*Thomas v. Shipka*,
    818 F.2d 496 (6th Cir. 1987) ............................................................... 12-13

*Total Gas & Power, N.A., Inc. v. FERC*,
    No. 16-20642, 2017 WL 2484855 (5th Cir. June 8, 2017)..........................15

*Town of Dedham v. FERC*,
    No. 15-12352, 2015 WL 4274884 (D. Mass. July 15, 2015) ..................... 8, 10, 11-12

*U.S. ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn.*,
    821 F.3d 742 (6th Cir. 2016) ....................................................................18

*United States v. Ritchie*,
    15 F.3d 592 (6th Cir. 1994) .........................................................................5

*U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC*,
    523 F. Supp. 2d 328 (S.D.N.Y. 2007)........................................................12

*Williams Nat. Gas Co. v. City of Okla. City*,
    890 F.2d 255 (10th Cir. 1989) ..................................................... 6-7, 9, 10, 14

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*,
    524 F.3d 1090 (9th Cir. 2008) ...................................................................11

## **STATUTES**

Administrative Procedure Act

    5 U.S.C. § 551, *et seq.*...............................................................................14

All Writs Act

    28 U.S.C. § 1651(a) ............................................................................11, 20

Declaratory Judgment Act

    28 U.S.C. § 2201 ................................................................................13

Department of Energy Organization Act

    42 U.S.C. § 7171 ..................................................................................2

Judiciary & Judicial Procedure

    28 U.S.C. § 1331 ....................................................................11, 12, 13

Natural Gas Act

    15 U.S.C. § 717b ........................................................................... 18-19

    15 U.S.C. § 717f ....................................................................1, 2, 3, 9, 17

    15 U.S.C. § 717r ..................................................................................6

    15 U.S.C. § 717u ..........................................................................11, 12

National Environmental Policy Act

    42 U.S.C. § 4321, *et seq.* ......................................................................3

**REGULATIONS**

18 C.F.R. § 375.101(e) ............................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ..........................................................................2

Fed. R. Civ. P. 12(b)(6) ..........................................................................2

## INTRODUCTION

The complaint filed by Plaintiffs Laura Urban, *et al.* (collectively, "Urban" or "Plaintiffs") asks this Court to preemptively resolve issues pending in an ongoing proceeding before the Federal Energy Regulatory Commission ("FERC" or the "Commission").  In the pending FERC proceeding, Defendant Nexus Gas Transmission, LLC ("Nexus") seeks a certificate of "public convenience and necessity" under the Natural Gas Act, 15 U.S.C. § 717f (the "Act"), to construct and operate a natural gas pipeline in Ohio and Michigan.  Although FERC staff has prepared an Environmental Impact Statement regarding the application, the Commission has not yet acted on the merits of the application.

At bottom, Plaintiffs challenge Congressionally-designed statutory processes, not anything the Commission actually has done pursuant to those processes.  The Act entrusts the Commission with exclusive authority to determine whether a natural gas pipeline is in the public interest; no such determination has yet been made.  The Act also vests exclusive jurisdiction in the United States Courts of Appeals to review final Commission orders and all matters inhering in pipeline certificate proceedings.  Every court that has addressed the issue has interpreted the Act's exclusive jurisdiction provision to bar district courts from granting injunctive or declaratory relief relating to ongoing FERC certificate proceedings.  As the courts recognize, to the extent a party finds it necessary to seek immediate, extraordinary relief prior to the conclusion of FERC proceedings, such relief must be sought from the Commission itself or the appropriate court of appeals.  Contrary to Plaintiffs' contentions, there is no basis for proceeding in this Court.

1

Because this Court lacks subject matter jurisdiction to grant Plaintiffs' requested relief, the complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  In the alternative, as discussed below, Plaintiffs' claims may be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted.

## BACKGROUND

### I.    Statutory and Regulatory Background

FERC is an independent regulatory commission comprising up to five members appointed by the President, with the advice and consent of the U.S. Senate.  *See* Department of Energy Organization Act, 42 U.S.C. § 7171(a)-(b) (establishing the Commission and transferring authority to it).  Commissioners serve for up to five-year terms, and no more than three members of the Commission may be members of the same political party.  *Id.* § 7171(b)(1).  Each member of the Commission, including the Chairman, has one vote, and actions of the Commission are determined by majority vote.  *Id.* § 7171(e).  Pursuant to statute, "a quorum for the transaction of business shall consist of at least three members present."  *Id.* § 7171(e); *accord* 18 C.F.R. § 375.101(e).

Under various statutes, the Commission regulates the interstate transmission and wholesale sale of electricity and natural gas, and licenses the construction and operation of hydropower projects and natural gas pipelines and infrastructure.  As relevant here, the Natural Gas Act confers on the Commission "exclusive jurisdiction" over the "transportation and sale of natural gas in interstate commerce."  *Schneidewind v. ANR Pipeline*, 485 U.S. 293, 300-301 (1988) (Act is a "comprehensive scheme of federal regulation") (citation omitted).  *See also Mich. Consol. Gas Co. v. Panhandle E. Pipe Line Co.*, 887 F.2d 1295, 1299 (6th Cir. 1989) (same).  Section 717f of the Act governs the process for natural gas companies to obtain a

certificate authorizing the construction, extension, or abandonment of natural gas facilities. 15 U.S.C. § 717f. The Commission may issue a certificate only if it finds the proposed facility "is or will be required by the present or future public convenience and necessity." *Id.* § 717f(e).

## II.    Procedural Background

In November 2015, Nexus submitted an application under the Natural Gas Act, 15 U.S.C. § 717f(c), to construct, own, and operate a new natural gas pipeline system to transport Appalachian Basin shale gas to markets in northern Ohio and southeastern Michigan, and to the Dawn Hub in Ontario, Canada. Nexus Gas Transmission Project, FERC Section 7(c) Application, FERC Docket No. CP16-22, Nov. 20, 2015 (describing proposed pipeline project).[1] Numerous interested parties intervened and/or submitted comments to the Commission, including the "Coalition to Reroute Nexus." According to a motion to intervene filed by Plaintiffs' counsel, Mr. David Mucklow, the Coalition to Reroute Nexus is "a non-profit organization and certain Ohio property owners." Motion to Intervene of David A. Mucklow, Esq., FERC Docket No. CP16-22, Dec. 23, 2015 (designating list of individual landowner clients).

Upon filing of the application, FERC's Office of Energy Projects ("Projects staff") initiated an environmental review process, consistent with the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*, to study the potential impact of the proposed pipeline. After review and study, Projects staff released a draft Environmental Impact Statement in July 2016. Draft Environmental Impact Statement, NEXUS Gas Transmission Project and Texas Eastern Appalachian Lease Project, FERC Projects Staff, FERC Docket No. CP16-22, July 8, 2016. The

---

[1] Filings in FERC proceedings are available on FERC's website, at https://www.ferc.gov/docs-filing/elibrary.asp.

release of the draft Environmental Impact Statement initiated a significant period of public review and comment regarding the proposed project and potential environmental impacts.

In the draft Environmental Impact Statement, Projects staff "assesse[d] the potential environmental effects of the construction and operation of the Projects in accordance with the requirements of the National Environmental Policy Act."  *Id.* at 1.  The U.S. Fish and Wildlife Service and the U.S. Environmental Protection Agency participated as cooperating agencies in the preparation of the draft Environmental Impact Statement.  *Id.* at 2 (explaining that the cooperating federal agencies "provided input," but would present their own separate conclusions and recommendations).  Among other things, the draft Environmental Impact Statement assessed alternative routes for the proposed pipeline project, and solicited comments regarding the route alternatives.  *Id.* at 5.

In August 2016, Projects staff conducted a series of public comment meetings in order to take oral comments from the public regarding the proposed project.  Transcripts of the comments are available in the FERC docket.  During the meetings, FERC staff also was available to answer questions regarding the environmental review process.  In addition to taking oral comments, FERC staff received written comments from numerous entities and individuals, and also communicated with various agencies, such as the Fish and Wildlife Service.

On November 30, 2016, Projects staff released the Final Environmental Impact Statement for the proposed project.  The Final Environmental Impact Statement contained Projects staff's recommendations regarding the proposed pipeline, including recommended "project-specific mitigation measures" that Projects staff believed would "reduce the environmental impacts that would otherwise result from construction and operation of the projects."  Final Environmental Impact Statement, NEXUS Gas Transmission Project and Texas Eastern Appalachian Lease

Project at ES-19, FERC Projects Staff, FERC Docket No. CP16-22, Nov. 30, 2016 (Complaint

Exhibit 1).  Projects staff "recommended[ed] that these mitigation measures be attached as

conditions to any authorization issued by the Commission." *Id.*  As the FERC docket reflects,

numerous entities and individuals, including the EPA, filed additional comments upon Projects

staff's release of the Final Environmental Impact Statement.

The Commission has not yet acted on the Nexus pipeline application.  On February 4,

2017, Commissioner Norman Bay departed the Commission, resulting in the loss of the quorum

necessary for agency action.  *See* Order Delegating Further Authority to Staff in Absence of

Quorum, FERC Docket No. AD17-10, Feb. 3, 2017.  The Commission is currently led by Acting

Chairman Cheryl A. LaFleur and Commissioner Colette D. Honorable.  The President recently

nominated Mr. Neil Chatterjee and Mr. Robert Powelson to serve on the Commission.  The

nominations are pending in the United States Senate.  If confirmed, the addition of

Commissioners Chatterjee and Powelson would restore the necessary quorum at the

Commission.  *See supra* p. 2.  Until a quorum is restored, the Commission is unable to act on the

Nexus pipeline application.

## ARGUMENT

## I.    The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a complaint for lack

of subject matter jurisdiction at any time.  If a motion to dismiss challenges the existence of

subject matter jurisdiction, rather than the sufficiency of the complaint, the allegations in the

complaint receive no presumption of truthfulness.  *See United States v. Ritchie*, 15 F.3d 592, 598

(6th Cir. 1994).  In considering such a motion, the court has "broad discretion to consider

extrinsic evidence." *Nw. Ohio Properties, Ltd. v. Lucas Cty., Ohio*, No. 3:11CV1867, 2015 WL 3968751, at *3 (N.D. Ohio June 30, 2015), *aff'd*, 634 F. App'x 579 (6th Cir. 2016).

>    **A.**    **The District Court Lacks Jurisdiction Because the Natural Gas Act Vests Exclusive Jurisdiction in the Courts of Appeals to Review Commission Actions Concerning Pipeline Certificate Applications**

>    **1.  Courts Addressing the Issue Have Uniformly Held that the Natural Gas Act Bars District Court Intervention in FERC Certificate Proceedings**

Established precedent dictates that Plaintiffs' request for injunctive and declaratory relief concerning Commission staff's release of an Environmental Impact Staff in the ongoing Nexus pipeline proceeding must be dismissed for lack of subject matter jurisdiction.  The Natural Gas Act prescribes a "highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline."  *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010).  In *American Energy*, the Sixth Circuit described the procedure required by the Natural Gas Act before a party may obtain review of a final Commission order acting on a pipeline certificate application.  *Id.* at 605.  First, once the Commission acts upon a pipeline certificate request, an aggrieved party must seek rehearing before the Commission.  *Id.* (citing 15 U.S.C. § 717r(a)).  If the Commission denies rehearing, the Act provides that any party "aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals."  15 U.S.C. § 717r(b).  The court of appeals then "has 'exclusive' jurisdiction 'to affirm, modify, or set aside such order in whole or in part.'" *American Energy*, 622 F.3d at 605 (quoting 15 U.S.C. § 717r(b)).  "Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court."  *Id.  See also Williams Nat. Gas Co. v. City of Okla. City*, 890 F.2d 255, 261 (10th Cir. 1989) (same); *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998) ("Under the statutory

6

framework, there is no appeal of a FERC decision save to the appropriate [c]ourt of [a]ppeals.")
(citations omitted).

All courts considering the issue have interpreted the Act to mean that district courts have
no jurisdiction to intervene in FERC pipeline certificate proceedings, final or otherwise.  In
*Consolidated Gas Supply Corp. v. FERC*, for example, the Fourth Circuit vacated a district court
order granting a natural gas company's request for injunctive relief to restrain the Commission
from continuing an administrative hearing pending the company's challenge to a show cause
order issued by the Commission.  611 F.2d 951, 957-58 (4th Cir. 1979) (concluding that "the
district court was without jurisdiction to interfere with the Commission's proceedings through
the issuance of an injunction").  As the Fourth Circuit explained, "[N]o court, having the power
of review of the actions of an administrative agency, should exercise that power to review mere
preliminary or procedural orders or orders which do not finally determine (some substantive)
rights of the parties. . . .  It follows that this court may not review preliminary or procedural
orders . . . and, even more so, a district court may not review such orders."  *Id.* at 958 (citation
omitted).  *See also American Energy*, 622 F.3d at 605 (affirming dismissal by district court in the
Southern District of Ohio of case alleging that FERC failed to adequately consider pipeline
safety risks, making "short work" of plaintiff's efforts to "sidestep" the Natural Gas Act's
exclusive judicial review scheme by seeking injunctive and declaratory relief in state and district
court); *Williams*, 890 F.2d at 262 (court "would be hard pressed to formulate a doctrine with a
more expansive scope" than the rule that section 717r(b) "preclude[s] *de novo* litigation between
the parties of *all issues inhering in the controversy*") (quoting *City of Tacoma v. Taxpayers of
Tacoma*, 357 U.S. 320, 336 (1958)).  *See also Me. Council of the Atl. Salmon Fed. v. Nat'l
Marine Fisheries Serv.*, No. 16-2155, 2017 WL 2456812, at *2 (1st Cir. June 7, 2017) (Souter,

7

J., sitting by designation) ("The Supreme Court has made it clear that the jurisdiction provided by [the Federal Power Act's exclusive jurisdiction provision] is 'exclusive,' not only to review the terms of the specific FERC order, but over any issue 'inhering in the controversy.'") (quoting *City of Tacoma*, 357 U.S. at 336).[2]

Recently, a Massachusetts district court rejected a plaintiff's request for injunctive relief to stay construction of a pipeline pending the Commission's consideration of its request for rehearing. *See Town of Dedham v. FERC*, No. 15-12352, 2015 WL 4274884 (D. Mass. July 15, 2015). The plaintiff in *Dedham* apparently recognized that the district court lacked jurisdiction under section 717r of the Act, and "argue[d] that it is not seeking review of the FERC certificate decision in this action, but simply a stay of construction while FERC addresses the request for reconsideration." *Id.* at *2. The court in *Dedham* rejected plaintiff's arguments, concluding that it "lacked subject matter jurisdiction to give the Town the relief it seeks." *Id. See also Hunter v. FERC*, 569 F. Supp. 2d 12, 15 (D.D.C. 2008) (dismissing declaratory judgment action against the Commission for lack of subject matter jurisdiction because the claim was "so intertwined" with the FERC order that it "must be construed as an attack" on the order itself); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*, 270 F. Supp. 2d 1, 5 (D.D.C. 2003) (denying preliminary injunction because plaintiff "in essence" sought district court review of a Commission order—in contravention of the courts of appeals' exclusive jurisdiction); *Sw. Center for Biological Diversity v. FERC*, 967 F. Supp. 1166, 1172 (D. Ariz. 1997) (dismissing motion for preliminary injunction against FERC because court lacked subject matter jurisdiction to consider the claim

---

[2] Because relevant provisions of the Natural Gas Act and Federal Power Act, both administered by the Commission, "are in all material respects substantially identical," it is "established practice" to cite "interchangeably decisions interpreting the pertinent sections of the two statutes." *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 577 n.7 (1981) (citations omitted).

no matter how "artfully pleaded"); *Steamboaters v. FERC*, 572 F. Supp. 329 (D. Or. 1983) (dismissing motion for preliminary injunction against construction of hydroelectric dam based on alleged NEPA violations, because court would "necessarily have to review the various substantive and procedural errors charged by the Plaintiff" in contravention of the courts of appeals' exclusive jurisdiction").

As the Tenth Circuit has observed, judicial review over "all issues inhering in the controversy" before FERC is confined to the court of appeals because "coherence and economy are best served if all suits pertaining to designated agency decisions are segregated in particular courts." *Williams*, 890 F.2d at 262-63 (citation omitted). *See also Louisville & Nashville R.R. Co. v. Donovan*, 713 F.2d 1243, 1246 (6th Cir. 1983) ("[I]f there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies. Moreover, there is a strong presumption against the availability of simultaneous review in both the district court and the court of appeals.") (citation and internal quotation marks omitted).

With respect to FERC certificate proceedings, the only jurisdiction provided to district courts under the Natural Gas Act relates to eminent domain proceedings in connection with a valid, FERC-issued certificate. *See* 15 U.S.C. § 717f(h) (holder of a Commission-issued certificate that is unable to reach agreement with affected landowners regarding compensation for the necessary right-of-way may initiate eminent domain proceedings in "the district court of the United States for the district in which such property may be located"). As the Tenth Circuit has explained, however, the "eminent domain authority granted the district courts under [section 717f(h)] does not provide challengers with an additional forum to attack the substance and validity of a FERC order." *Williams*, 890 F.2d at 264 ("The district court's function under the

statute is not appellate but, rather, to provide for enforcement."). *Accord Guardian Pipeline v. 529.42 Acres of Land*, 210 F. Supp. 2d 971, 974 (N.D. Ill. 2002) ("The jurisdiction of this court is limited to evaluating the scope of the FERC [c]ertificate and ordering condemnation as authorized by that certificate. . . . This court's role is mere enforcement.") (citations omitted).

The limited enforcement role of district courts under the Act means that district courts lack authority to stay Commission orders. "The [Act] itself directs that an order by FERC not be stayed unless either FERC itself – in the context of a rehearing – or the reviewing [c]ourt of [a]ppeals specifically orders a stay." *Tenn. Gas*, 2 F. Supp. 2d at 109 (citing 15 U.S.C. § 717r(c)) (holding that FERC orders remain effective during review proceedings and cannot be stayed by district courts); *see also Dedham*, 2015 WL 4274884, at *2 (rejecting attempt to stay pipeline construction as "not within the enforcement authority given to the district courts").

Thus, Plaintiffs' claim, *e.g.*, Complaint ¶¶ 131-34, that this Court should enjoin the Commission from acting on Nexus's application because the Commission failed to consider safety risks are "not [matters] for [this Court] to resolve." *American Energy*, 622 F.3d at 605; *see also Tenn. Gas*, 2 F. Supp. 2d at 110 (district court has "no authority" to amend or qualify FERC certificate order in response to plaintiff's claims regarding safety and potential impairment of property rights). To consider Plaintiffs' complaint and motion, this Court would necessarily have to review the merits of the Environmental Impact Statement produced by the Commission's Projects staff—and do so before the Commission itself completes its review of that document. That would directly contravene the courts of appeals' exclusive jurisdiction. *See Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less*, 749 F. Supp. 427, 431 (D.R.I. 1990) ("Rather than seeking relief from this [c]ourt, [the aggrieved party's] only remedy is to ask for a stay from the Commission or from the [c]ourt of [a]ppeals."); *accord Dedham*, 2015 WL 4274884, at *2

("[w]hile full review of the Commission's action is not yet reviewable under [section] 717r," a plaintiff can seek "immediate . . . ancillary relief" from the courts of appeals "in aid of its future jurisdiction" under the All Writs Act, 28 U.S.C. § 1651(a)) (citations omitted).

### 2. Neither Section 717u of the Natural Gas Act, Nor the District Court's Jurisdiction Over Federal Question Cases or Declaratory Judgment Actions, Supports the Exercise of Jurisdiction Here

Contrary to Plaintiffs' position, *see* Complaint ¶¶ 78-80, 104-14, neither section 717u of the Act, nor 28 U.S.C. § 1331, confers jurisdiction on the court to grant the relief they request. *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) ("The [Supreme] Court has consistently interpreted jurisdiction statutes with an 'arising under' qualification, like 28 U.S.C. § 1331 and 15 U.S.C. § 717u, as 'giving the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)) (internal punctuation and alteration omitted).

Section 717u states:

The District Courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter, or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.

15 U.S.C. § 717u.

In *Dedham*, the Massachusetts district court squarely rejected plaintiff's reliance on section 717u as a jurisdictional basis for granting injunctive relief against the Commission.

11

*Dedham,* 2015 WL 4274884, at *2. As the court explained, "[section] 717u is simply an enforcement provision, not an open-ended grant of jurisdiction to the district courts." *Id.* (citations omitted). *See also Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 587-88, 591 (6th Cir. 2013) ("Section 717u provides for federal jurisdiction, but it does not create an action.") (citations omitted); *Nat'l Gas Pipeline Co v. Fed. Power Comm'n*, 128 F.2d 481, 487 (7th Cir. 1942) (the specific provision providing for direct review to the courts of appeals trumps 717u's general language); *U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC*, 523 F. Supp. 2d 328, 338 (S.D.N.Y. 2007) (assertion that FERC is "improperly exercising jurisdiction" over defendant in administrative enforcement proceeding "is for a court of appeals to address," not the district court under section 717u); *Panhandle E. Pipe Line Co. v. Utilicorp United Inc.*, 928 F. Supp. 466, 473 (D. Del. 1996) (section 717u gives district courts "jurisdiction to enforce . . . liability," but any challenge to the merits of a FERC order "needs to be passed upon by the [court of appeals]").

Likewise, 28 U.S.C. § 1331 does not assist plaintiffs. The Supreme Court has explained that "district courts possess federal-question jurisdiction" under 28 U.S.C. § 1331 when federal law creates a private right of action, but "[t]hat principle endures unless Congress divests federal courts of their [section] 1331 adjudicatory authority." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012). Here, Congress has spoken. As interpreted by the Sixth Circuit and numerous courts, the Natural Gas Act's "highly reticulated" scheme of judicial review vests exclusive jurisdiction in the Courts of Appeals, thus divesting district courts of federal question jurisdiction to determine all issues inhering in FERC certificate proceedings. *E.g.*, *American Energy*, 622 F.3d at 605. *See also Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the

Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."), *vacated in part on other grounds*, 488 U.S. 1036 (1989); *Media Access Project v. FCC*, 883 F.2d 1063, 1067 (D.C. Cir. 1989) (when two jurisdictional statutes provide for different judicial review, courts must apply the more specific legislation); *Outdoor Power Equip. Inst., Inc. v. EPA*, 438 F. Supp. 1092, 1093-94 (D.D.C. 1977) ("[W]hether this Court has jurisdiction to review the administrative action at issue does not turn on whether the subject matter of this dispute comes within the broad jurisdictional coverage of 28 U.S.C. § 1331. . . .  Rather, the question . . . is whether a more specific jurisdictional provision divests this [c]ourt of jurisdiction . . . .").

For the same reasons, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction on the Court in this matter.  *See* Complaint ¶¶ 115-22.  The Supreme Court has long held that the Declaratory Judgment Act is "procedural only," and does not expand the substantive rights of parties.  *See Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 508-509 (1959); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).  *See also Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir. 1981) ("It is settled that 28 U.S.C. § 2201 does not confer jurisdiction on a federal court where none otherwise exists.") (citations omitted); *Schulke v. U.S.*, 544 F.2d 453, 455 (10th Cir. 1976) ("One seeking relief under the [Declaratory Judgment Act] must establish a separate and independent basis for jurisdiction."); *B.R. MacKay & Sons v. United States*, 633 F. Supp. 1290, 1295 (D. Utah 1986) (28 U.S.C. § 2201 and 28 U.S.C. § 1331 "do[] not operate to waive the United States' sovereign immunity," and "plaintiff must look to the statute giving rise to the cause of action for such a waiver").

13

### 3.   NEPA and the APA Likewise Do Not Confer Jurisdiction

Neither NEPA nor the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, provides for district court jurisdiction over the Commission's NEPA review process—either before or after the Commission takes final agency action during that process.  It is well established that NEPA does not create a private right of action.  *E.g.*, *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir. 1997) ("NEPA does not authorize a private right of action."); *Cronin v. Ohio Dep't of Transp.*, No. 1:09CV2699, 2011 WL 1297294, at *7 (N.D. Ohio 2011) (same). *See also Williams*, 890 F.2d at 262-63 (Natural Gas Act's judicial review provision encompasses all issues inhering in the controversy, including the agency's NEPA review); *City of Rochester v. Bond*, 603 F.2d 927, 936 (D.C. Cir. 1979) ("[W]e disagree that the district court may exercise concurrent jurisdiction merely because a violation of NEPA is alleged.  The allegation may be raised directly in the courts of appeals; and insofar as it may affect the lawfulness of a directly appealable order we think it must be.") (footnotes omitted).

The same is true of the APA.  *See Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."); *Louisville & Nashville R.R. Co.*, 713 F.2d at 1246 ("[T]he APA does not grant jurisdiction.") (citing *Califano*, 430 U.S. at 104-07); *Duke Energy Field Servs. Assets, L.L.C. v. FERC*, 150 F. Supp. 2d 150, 155 (D.D.C. 2001) ("It is well-settled that the APA does not confer any independent jurisdiction on the district courts.") (citing *Califano*, 430 U.S. at 104-07).

### B.    Even if Filed in an Appropriate Court of Appeals, the Lawsuit Would Be Premature Because It Does Not Involve Final Agency Action

Contrary to Plaintiffs' assertion, Complaint ¶ 81, Projects staff's Environmental Impact Statement does not constitute final agency action.  The Environmental Impact Statement

represents Projects staff's recommendations to the Commission based on a 22-month review process and nearly 2,000 public comments.  *See* Environmental Impact Statement at 1-8 – 1-11, Compl. Ex. A (setting forth recommendations for Commission action).

Because the Natural Gas Act authorizes judicial review of claims associated with pipeline certificate proceedings only after the Commission has acted on a request for rehearing,  15 U.S.C. § 717r(b), petitions for review filed before the Commission issues an order on a rehearing request are "incurably premature."  *See City of Glendale, Cal. v. FERC*, No. 03-1261, 2004 WL 180270, at *1 (D.C. Cir. Jan. 22, 2004).  Here, the Commission has not yet issued an order on Nexus's certificate application, or otherwise adopted Projects staff's recommendations in any way—much less an order on rehearing concerning Nexus's certificate application.  Thus, even if brought in an appropriate court of appeals, as the statute requires, that court ordinarily would not have jurisdiction until the statutory process is complete.  *See, e.g.*, *Kokajko v. FERC*, 837 F.2d 524, 525 (1st Cir. 1988) ("[B]ecause FERC has not yet issued a ruling on the merits of the petition, this court is without jurisdiction.").  *See also Total Gas & Power N.A., Inc. v. FERC*, No. 16-20642, 2017 WL 2484855, at *10-11 (5th Cir. June 8, 2017) (affirming district court's dismissal of natural gas company's declaratory judgment action for lack of ripeness, where company sought to "preemptively challenge a FERC order that may never be issued," and "all of [its] arguments are predicated on future events and are brought before FERC has even scheduled the matter for a hearing—let alone issued an order finding a . . . violation and imposing a civil penalty [for energy market manipulation]").

Until the Commission acts on Projects staff's recommendations, those staff recommendations create no legal rights or obligations, and have no legal consequences.  The Commission ultimately may choose to adopt the recommendations in full or in part; impose

15

safety and/or environmental conditions beyond those recommended by staff; or—if it concludes

that the Final Environmental Impact Statement does not address all relevant concerns—require

staff to prepare a supplemental Statement.  *See, e.g.*, *Marsh v. Or. Nat. Res. Council*, 490 U.S.

360, 374 (1989) (explaining that the NEPA regulations require federal agencies "to prepare

supplements to either draft or final [Environmental Impact Statements]" if significant new,

relevant environmental concerns arise).

The Commission's administrative process has been open to the Plaintiffs from its outset.

To the extent Plaintiffs have properly intervened and presented their issues and arguments to the

Commission, the agency will review and address those concerns in its orders on Nexus's

certificate application.  If Plaintiffs are aggrieved following issuance of a final Commission

order, they will have the opportunity to challenge the final order in a court of appeals.  *See, e.g.*,

*Myersville Citizens for a Rural Cmty., Inc. v. FERC*, 783 F.3d 1301 (D.C. Cir. 2014)

(considering, and rejecting on the merits, challenge by town residents to FERC's authorization of

a natural gas facility, including NEPA challenge to adequacy of agency's environmental

analysis); *Minisink Residents for Envt'l Preservation and Safety v. FERC*, 762 F.3d 97 (D.C. Cir.

2014) (same); *Murray Energy Corp. v. FERC*, 629 F.3d 231 (D.C. Cir. 2011) (affirming FERC's

consideration of safety issues, and reliance on Pipeline and Hazardous Materials Safety

Administration's mitigation requirements, in issuing pipeline certificate).

## II.    The Complaint May Be Dismissed, In the Alternative, for Failure to State a Claim on Which Relief Can Be Granted

As discussed above, because the Commission has not yet acted on the Nexus application,

there is no final agency action to support Plaintiffs' claims.  Until the Commission acts on

Nexus's application, Plaintiffs' arguments that the Commission has somehow violated its

statutory obligations under the Natural Gas Act and other statutes fail as a matter of law because

16

Plaintiffs have not exhausted their administrative remedies.  *See, e.g.*, *Shearson v. Holder*, 865 F. Supp. 2d 850, 862 (N.D. Ohio 2011) ("[A] court must give deference to Congressional authority and give agencies an opportunity to correct errors in their own programs before applying judicial scrutiny."), *aff'd*, 725 F.3d 588 (6th Cir. 2013).  Plaintiffs' causes of action overlap, but fall into three general categories as discussed below:

### A.  Fifth Amendment/Due Process Claims

Plaintiffs' causes of action A, B, D, and E (Complaint ¶¶ 85-92 (Cause of Action A), 93-103 (Cause of Action B), 115-22 (Cause of Action D), and 123-29 (Cause of Action E)) center on the possibility that Nexus could potentially acquire property through eminent domain proceedings if, in the future, FERC issues a certificate authorizing the pipeline.  Under the Act, if the Commission issues a certificate, and if Nexus is unable to reach agreement with landowners, Nexus may commence eminent domain proceedings in a federal district court.  15 U.S.C. § 717f(h).  If the company sues to secure the right-of-way by exercise of eminent domain, affected property owners would be afforded all procedural rights under the oversight of the federal district court.  Any concerns regarding due process violations may be raised at that time.

At present, Plaintiffs' claims are entirely speculative and do not state a claim for relief under the Due Process Clause.  *See N.B. ex rel. Peacock v. District of Columbia*, 794 F.3d 31, 41 (D.C. Cir. 2015) (to state a claim for relief under the Due Process Clause, a plaintiff must allege: "(i) deprivation of a protected liberty or property interest, (ii) by the government, (iii) without the process that is 'due' under the Fifth Amendment") (citations omitted); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("Only after finding the deprivation of a protected interest do we look to see if the [government]'s procedures comport with due process.").

17

As a district court in the District of Columbia recently explained in dismissing Fifth Amendment due process claims relating to a FERC certificate proceeding, "the real property at stake in potential subsequent eminent domain proceedings [following issuance of a FERC certificate order] does not constitute a protected property interest granting the [p]laintiffs additional, pre-eminent domain due process rights during the certificate approval stage." *Del. Riverkeeper Network v. FERC*, No. 16-416, 2017 WL 1080929, at *8 (D.D.C. Mar. 22, 2017), *appeal filed*, No. 17-5084 (D.C. Cir. Apr. 24, 2017).  In particular, "any actual taking of real property related to a FERC proceeding would occur through the process of eminent domain, which would be a separate proceeding from the issuance of a certificate, and which has generated its own due process jurisprudence." *Id.*

Moreover, the exercise of eminent domain authority, by itself, does not violate the Takings Clause or the Due Process Clause.  *See, e.g.*, *Kelo v. City of New London*, 545 U.S. 469 (2005) ("economic development" constitutes "public use" justifying the taking of private property through eminent domain); *U.S. ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 752 (6th Cir. 2016) (same).  Also, Plaintiffs' claims are not yet ripe under this Court's precedent.  *See Osborne v. Madison Twp.*, No. 1:10CV1595, 2010 WL 4366029, at *2 (N.D. Ohio Oct. 28, 2010) (claim for governmental taking not ripe until government entity has "reached a final decision" regarding application of the regulations to the property at issue and government has failed to provide just compensation); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 518-19 (6th Cir. 2004) (same).

### B.  Claims Regarding Natural Gas Act Export Provision

Plaintiffs' causes of action C and D (Complaint ¶¶ 104-14 (Cause of Action C) and 115-22 (Cause of Action D)) center on Plaintiffs' contention that the Nexus pipeline is an "export

18

pipeline" and, thus, Nexus's application should be governed by section 717b, instead of section 717f, of the Act (*see, e.g.*, Compl. ¶ 106).  Also, Plaintiffs allege that "[t]he export of a commodity by a foreign-owned entity is not a public use."  Compl. ¶ 95.  Allegations that Nexus is proceeding under the wrong Natural Gas Act provision must be raised to the Commission; if properly raised, the Commission will address the argument.  In the event the Commission issues a certificate of public convenience and necessity to Nexus, however, such an issuance would necessarily mean that the Commission has determined the pipeline to be in the public interest. *See Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 365 U.S. 1, 7 (1961) ("The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted."); *Rockies Exp. Pipeline LLC v. 4.895 Acres of Land, More or Less*, 734 F.3d 424, 431 (6th Cir. 2013) ("FERC [is] tasked with deciding whether the public interest support[s] the [pipeline].").  In any event, review of whether the Commission has proceeded under the proper section of the Natural Gas Act would be a matter reserved exclusively for the courts of appeals.  *See supra* pp. 6-11.

### C.  <u>Alleged Deficiencies in Projects Staff's Final Environmental Impact Statement</u>

Plaintiffs' causes of action E, F and G (Complaint ¶¶ 123-29, 130-35 and 136-42) challenge the Final Environmental Impact Statement prepared by Projects staff.  As discussed above, *supra* pp. 14-16, the Final Environmental Impact Statement does not represent final agency action.  To the extent Plaintiffs—or other parties—disagree with the Final Environmental Impact Statement, they may submit their concerns to the Commission (indeed, many parties have submitted comments, *see* FERC Docket No. CP16-22).  The Commission will consider the Final Environmental Impact Statement and, if necessary, require additional study and/or revisions.  *See supra* pp. 15-16.  Upon issuance of a final Commission order on rehearing, any aggrieved party

19

may seek review in the appropriate court of appeals, so long as the party has standing and meets statutory requirements.  To the extent Plaintiffs believe they require immediate, extraordinary relief prior to the conclusion of the agency proceeding, they must seek such relief from the Commission[3] or the court of appeals under the All Writs Act, 28 U.S.C. § 1651(a)) (citations omitted).

> As the D.C. Circuit Court of Appeals has observed:
>
> Given the choice, almost no one would want natural gas infrastructure built on their block.  'Build it elsewhere,' most would say. The sentiment is understandable.  But given our nation's increasing demand for natural gas (and other alternative energy sources), it is an inescapable fact that such facilities must be built somewhere.  Decades ago, Congress decided to vest the Federal Energy Regulatory Commission with responsibility for overseeing the construction and expansion of interstate natural gas facilities.  And in carrying out that charge, sometimes the Commission is faced with tough judgment calls as to where those facilities can and should be sited.

*Minisink*, 762 F.3d at 100.  Here, the Commission is faced with—but has not yet had the opportunity to make—the "tough judgment calls" described by the *Minisink* court.  Once a quorum is reconstituted, the Commission will faithfully execute its statutory obligations, consistent with applicable law.  When the Commission acts with finality on the application, if Plaintiffs are aggrieved under the Natural Gas Act, judicial review will be available—but only in the courts of appeals.  Until that time, the Commission has exclusive jurisdiction to consider the application, along with any arguments properly before it, and to act on the application.

## **CONCLUSION**

For the foregoing reasons, the complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

---

[3] On June 7, 2017, the Coalition to Reroute Nexus submitted a letter seeking a voluntary stay of Commission action pending the resolution of this case.  Coalition to Reroute Nexus Letter to Acting Chairman LaFleur, FERC Docket No. 16-22.

Respectfully submitted,


David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Nicholas M. Gladd
Attorneys

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Fax:  (202) 273-0901
Susanna Chu       Tel.    (202) 502-8464
                     Email Susanna.Chu@ferc.gov
Nicholas Gladd     Tel.    (202) 502-8836
                     Email Nicholas.Gladd@ferc.gov


June 20, 2017

## CERTIFICATE OF SERVICE

I hereby certify that, on June 20, 2017, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ Nicholas M. Gladd*
Nicholas M. Gladd
Attorney