UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Laura D. Urban, *et al.*,  )  <br>     Plaintiffs,  )  <br>                      )  <br> v.  )  <br>                      )  <br> Federal Energy Regulatory Commission,  )  <br>   *et al.*,  )  <br>     Defendants.  ) | Case No. 5:17-cv-01005 (JRA) <br><br> Judge John R. Adams |

**FEDERAL DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

      Plaintiffs Laura Urban, *et al.* (collectively, "Urban" or "Plaintiffs") ask this Court to grant the drastic and extraordinary remedy of a preliminary injunction to restrain Defendants, the Federal Energy Regulatory Commission and individually named Commissioners (collectively, "FERC" or the "Commission"), from performing their statutory responsibilities under the Natural Gas Act, 15 U.S.C. § 717f (the "Act"), with respect to a natural gas pipeline certificate application submitted by Defendant Nexus Gas Transmission, LLC.

      As the Commission explains in its concurrently filed Motion to Dismiss, the complaint must be dismissed because the Court lacks subject matter jurisdiction to intervene in an ongoing FERC certificate proceeding. The Act vests exclusive jurisdiction in the United States Courts of Appeals to review final Commission actions relating to certificate applications. Any request for immediate relief during the pendency of a FERC certificate proceeding must be directed to the Commission itself, or the appropriate court of appeals. Because of this threshold jurisdictional bar, Plaintiffs cannot establish any likelihood of success on the merits in support of the issuance of a preliminary injunction. In any event, as discussed below, the remaining preliminary injunction factors likewise dictate that Plaintiffs' motion should be denied.

1

I. **PRELIMINARY INJUNCTION STANDARD**

It is well established that a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). To obtain such relief, a movant "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest.'" *O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015) (quoting *Winter*, 555 U.S. at 20). Where a plaintiff's claims do not survive the pleading stage, injunctive relief is not available. *See, e.g.*, *Mason & Dixon Lines, Inc. v. Steudle*, 683 F.3d 289, 296-97 (6th Cir. 2012) (affirming district court's grant of defendants' motion to dismiss and denial of preliminary injunctive relief "[b]ecause the underlying claims lack merit"); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*, 270 F. Supp. 2d 1, 5 (D.D.C. 2003) (denying preliminary injunction request against FERC because "this [c]ourt concludes that it is without jurisdictional authority to afford the plaintiff the remedy it is principally seeking . . .").

II. **THERE IS NO LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION**

As explained in the Commission's Motion to Dismiss, the Court lacks subject matter jurisdiction to hear the claims set forth in Plaintiffs' complaint. In addition, the complaint fails to state a claim on which relief can be granted. Accordingly, there is no basis for granting Plaintiffs' motion. *See O'Toole*, 802 F.3d at 788 ("'Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.'") (quoting *Gonzales v. Nat'l Bd. Of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000)); *McPherson v. Mich. High Sch. Athletic Ass'n Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (because plaintiff had "no possibility of success" on the merits, "we are constrained to overrule the district court's

balancing in this instance"); *Leary v. Daeschner*, 228 F.3d 729, 739 n.3 (6th Cir. 2000) (affirming district court's denial of preliminary injunction based solely on finding that plaintiffs failed to show a likelihood of success on the merits, despite lack of additional findings on the remaining preliminary injunction factors).

### III. THE REMAINING PRELIMINARY INJUNCTION FACTORS DO NOT SUPPORT PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF

#### A. Plaintiffs Cannot Establish that They Will Suffer Irreparable Harm if Their Request for a Preliminary Injunction Is Not Granted

To show irreparable harm for purposes of a preliminary injunction, Plaintiff must demonstrate that irreparable harm is "likely"—not just "possible"—in the absence of an injunction. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citation omitted); *see also Smith v. SEC*, 129 F.3d 356, 363 (6th Cir. 1997) (a "claim for injunctive relief cannot be supported by mere speculation that the plaintiff will suffer some future harm") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

At present, Plaintiffs' claim for preliminary injunctive relief is based solely on speculation concerning the outcome of ongoing FERC proceedings and potential future events. Plaintiffs allege, for example, that if the Commission issues a certificate authorizing Nexus to proceed with the pipeline, they would suffer irreparable harm because they (1) "will be forced to lose use of their property via eminent domain," and (2) "will be exposed to th[e] dangers [associated with pipeline failures]." Mot. for Prelim. Inj. at 12-13. At this juncture, these alleged harms are "mere speculation." *Smith*, 129 F.3d at 363.

Case: 5:17-cv-01005-JRA  Doc #: 25  Filed:  06/20/17  4 of 8.  PageID #: 5026

As discussed in the Commission's Motion to Dismiss, the Commission has not yet acted with finality on Nexus's certificate application.  In particular, the Commission has not yet issued a certificate order, and has not adopted any of the recommendations contained in Projects staff's Final Environmental Impact Statement.  With respect to the safety concerns raised by Plaintiffs, it is entirely possible—if the Commission issues a certificate order—that the Commission will impose additional environmental and/or safety measures, either consistent with or in addition to the measures recommended in the Final Environmental Impact Statement.  *See* Mot. to Dismiss at 14-16.  The Commission will give careful consideration to all safety concerns presented to it.  *See, e.g.*, *Murray Energy Corp. v. FERC*, 629 F.3d 231, 237-41 (D.C. Cir. 2011) (reviewing and affirming FERC's consideration of safety issues, and reliance on Pipeline and Hazardous Materials Safety Administration's mitigation requirements, in issuing pipeline certificate).

Plaintiffs' claim of irreparable harm based on eminent domain concerns is likewise speculative.  Under the Act, if the Commission issues a certificate, and if Nexus is unable to reach agreement with landowners, Nexus may commence eminent domain proceedings in district court.  *See* 15 U.S.C. § 717f(h).  If the company sues to secure the right-of-way by exercise of eminent domain, affected property owners would be afforded all procedural rights under the oversight of the federal district court.  Any concerns regarding just compensation, alleged due process violations, and similar issues may be raised at that time.  *See Del. Riverkeeper Network v. FERC*, No. 16-416, 2017 WL 1080929, at *8 (D.D.C. Mar. 22, 2017), *appeal filed*, No. 17-5084 (D.C. Cir. Apr. 24, 2017) ("[T]he real property at stake in potential subsequent eminent domain proceedings [following issuance of a FERC certificate order] does not constitute a protected property interest granting the [p]laintiffs additional, pre-eminent domain due process rights during the certificate approval stage.").

4

Moreover, in the event eminent domain proceedings take place, Plaintiffs have not shown that they would not be adequately compensated through such proceedings.  Any harm associated with such proceedings is conjectural until a final decision is made, i.e., a decision that allows a court "to assess the scope of the taking," and whether Plaintiffs have been "denied just compensation" for that taking.  *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 519 (6th Cir. 2004); *accord Nw. Ohio Properties, Ltd. v. Lucas Cty., Ohio*, 634 F. App'x 579, 580 (6th Cir. 2016) (before bringing claim that private property was taken for a public purpose without just compensation, a plaintiff "must first exhaust any compensation remedies available"); *Osborne v. Madison Twp.*, No. 1:10CV1595, 2010 WL 4366029, at *2 (N.D. Ohio 2010) ("The Sixth Circuit has also held that 'Ohio has reasonable, certain, and adequate procedures for plaintiffs to pursue compensation for an involuntary taking.'") (quoting *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006)).  *See also Tri-County Wholesale Distribs., Inc. v. Wine Group, Inc.*, 565 F. App'x 477, 482 (6th Cir. 2012) ("A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages.") (citations omitted).

In light of the ongoing status of the FERC certificate proceeding, Plaintiffs' speculation regarding potential future injury does not establish a likelihood of irreparable harm supporting issuance of a preliminary injunction.

### B. The Balance of Equities and Public Interest Factors Do Not Support Granting Preliminary Injunctive Relief In these Circumstances

The last two factors of the preliminary injunction test similarly do not support Plaintiffs' motion.  Here, the balance of equities and the public interest militate in favor of enforcing a Congressionally-designed statutory scheme and Congressionally-defined jurisdictional lines. "Congress has entrusted the regulation of the natural gas industry to the informed judgment of the Commission . . . ."  *In re Permian Basin Area Rate Cases*, 390 U.S. 747, 767 (1968).  In

particular, the Natural Gas Act entrusts the Commission with exclusive authority to determine whether a natural gas pipeline is in the public interest. *See Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 365 U.S. 1, 7 (1961) ("The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted."); *Rockies Exp. Pipeline LLC v. 4.895 Acres of Land, More or Less*, 734 F.3d 424, 431 (6th Cir. 2013) ("FERC [is] tasked with deciding whether the public interest support[s] the [pipeline]."); *Columbia Gas Transmission Co. v. FERC*, 750 F.2d 105, 112 (D.C. Cir. 1984) ("[T]he Commission is vested with wide discretion to balance competing equities against the backdrop of the public interest . . . ."). *See also N. Atl. Westbound Freight Ass'n v. Fed. Maritime Comm'n*, 397 F.2d 683, 685 (D.C. Cir. 1968) (views of federal agency, as "presumptive[] guardian of the public interest . . . indicate[] the direction of the public interest" for purposes of deciding a request for stay pending appeal).

As the Sixth Circuit has recognized, the Natural Gas Act sets forth a "highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline." *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010). The Commission's fulfillment of its statutory responsibilities—by determining whether, and under what conditions, the Nexus pipeline application may be approved—serves the public interest. Nearly 2,000 public comments were submitted during Projects staff's environmental review process, and over fifty parties have officially intervened in the Commission's proceeding concerning the approximately $2 billion Nexus project. *See* Final Environmental Impact Statement at 1-11. The public comments, and parties' interests, are diverse: some support the project, some oppose the project, and some support the project subject to various mitigation measures, such as those recommended by Projects staff.

6

It is the Commission's obligation to weigh those competing interests and determine what the public interest requires. The Court should not intervene in the Commission's consideration of these matters. *See Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) ("We must hesitate before we say what the Commission may find necessary and convenient, and we must be, and are, reluctant to interfere with administrative proceedings.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Preliminary Injunction should be denied.

Respectfully submitted,

David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Nicholas M. Gladd
Attorneys

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C. 20426
Fax: (202) 273-0901
Susanna Chu   Tel.   (202) 502-8464
             Email Susanna.Chu@ferc.gov
Nicholas Gladd   Tel.   (202) 502-8836
             Email Nicholas.Gladd@ferc.gov

June 20, 2017

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 20, 2017, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ Nicholas M. Gladd*
Nicholas M. Gladd
Attorney
