UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Laura D. Urban, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:17-CV-01005 JRA |
| Federal Energy Regulatory ) | |
| Commission, et al., ) | Judge Adams |
| ) | |
| Defendants. ) | |

**REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR IMMEDIATE IMPOSITION OF STAY AGAINST ISSUANCE OF THE FERC CERTIFICATE**

Now come the Plaintiffs, by and through their attorneys, and hereby submit their Reply Brief in support of their Motion for Preliminary Injunction. For the reasons that follow, this Court has jurisdiction to grant the immediate relief sought by Plaintiffs, and such relief is proper in this case and should be granted.

A. **Update on the Status of FERC Commissioner Confirmation Proceedings**

During the hearing before this Court on Defendants' Motion to Extend time to File a Response Brief, Plaintiffs expressed concern that FERC would soon issue a Certificate of Public Convenience and Necessity, thereby mooting Plaintiffs' Motion for Preliminary Injunction. It appears that the Certificate will be issued sooner rather than later.

It appears that the Senate is pushing to confirm the FERC nominees prior to the July 4th Senate break. Bill Yardley, President of Enbridge's gas transmission business stated that, "He

1

hopes the full Senate will approve the nominees by July 4, allowing the company to get its permit approval in time for Nexus to be built and go into service on schedule." Platt's, S&P Global, June 16, 2017, p. 17. The July 4th time frame echoes statements made by Senator Lisa Murkowski that the nominees will be appointed before the July 4th break.[1]

Plaintiffs' believe that this Court has all of the information necessary to rule in their favor on an expedited basis in the briefs and accordingly make the urgent request to do so. Plaintiffs submit that should this Court desire an evidentiary hearing, it is appropriate for the Court to enter a temporary injunction to preserve the status quo until such a hearing can be conducted. The strength of Plaintiffs' legal arguments, as well as the certainty of harm should an injunction not be issued weigh heavily in favor of maintaining the status quo until the Court can make a final ruling on reversing the FEIS, declaratory relief, and permanent injunctive relief.

### B. This Court Undoubtedly Has Jurisdiction to Hear This Case.

Defendants make several dubious arguments in an attempt to convince this Court that it does not have jurisdiction to hear this matter. As set forth below, these arguments are incorrect and not supported by law. The Administrative Procedures Act applies to the Natural Gas Act and supplies this Court with the necessary jurisdiction to render a decision in this case. The Natural Gas Act, additionally grants this Court jurisdiction to hear these causes of action, pursuant to Section 717u as more fully explained herein.

#### 1. Plaintiffs May Seek Relief Pursuant to the Administrative Procedures Act.

The Administrative Procedures Act ("APA") grants a cause of action to individuals harmed by agency action. 5 U.S.C. § 702. In reviewing agency action, this Court must "hold unlawful and set aside <u>agency action, findings, and conclusions</u> found to be-- . . . arbitrary,

---

[1] https://www.eenews.net/stories/1060055614

capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (emphasis added). However, the APA will not give a cause of action if "statutes preclude judicial review; or . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)(2). As to the second prong of this test, "agency discretion," the FERC does not have discretion in determining whether an export pipeline application should proceed under section 3 of the NGA. This statute contains a directive: "no person shall export any natural gas from the United States to a foreign country or import any natural gas from a foreign country without first having secured an order of the Commission authorizing it to do so." 15 U.S.C. § 717b(a) (2012). FERC has no discretion to ignore this provision. Further the National Environmental Policy Act mandates that FERC issues an FEIS which analyzes the pipeline construction's impact on, among other things, the quality of the human environment. FERC does not have the discretion to ignore NEPA's mandate.

As to the first exception in 5 U.S.C. § 701(a)(1), the NGA does not preclude judicial review. "[Judicial review under the APA] shall not be deemed foreclosed unless Congress has forbidden review in unmistakable terms." *Sierra Club v. Peterson*, 705 F.2d 1475, 1478–79 (9th Cir. 1983) quoting *County of Alameda v. Weinberger,* 520 F.2d 344, 348 (9th Cir.1975).

Pursuant to 28 U.S.C. 1331 (federal question jurisdiction): "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs' cause of action arises under federal question jurisdiction, the express language of the APA, and Section717u of the Natural Gas Act.

Congress has not precluded judicial review under the NGA, and it expressly authorized such review in section 717u:

> "**The District Courts** of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States **shall have**

> **exclusive jurisdiction of violations of this chapter** or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, **or to enjoin any violation of, this chapter** or any rule, regulation, or order thereunder."

Section 703 of the APA expressly states that:

> "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction."

Congress has clearly and unambiguously directed in Section 717u of the NGA that this Court must entertain jurisdiction over this matter. Defendants repeatedly and mistakenly cite 15 U.S.C. § 717r for the proposition that the Court of Appeals holds exclusive jurisdiction. This assertion is incorrect and misleading. Section 717r provides that a party may file a petition with the Court of Appeals contesting an "order" of the commission and that upon the filing of such petition the Court of Appeals will have exclusive jurisdiction to "to affirm, modify, or set aside such order in whole or in part." A typical case involves a petition to rehear or review the issuance of a certificate of public convenience and necessity. See *Am. Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010)("The Natural Gas Act sets forth a highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline. A party aggrieved by such an order may apply for rehearing before FERC."); *NO Gas Pipeline v. F.E.R.C.*, 756 F.3d 764, 769 (D.C. Cir. 2014) ("The precise direct-review statute at issue in this case allows a party aggrieved by a FERC order issued under the Natural Gas Act to 'obtain a review of such *order*.'")(emphasis in original). Nearly all of FERC's cases cited in support of its Opposition arise solely in this context.

While 717r contains the procedure to review FERC "orders," the APA provides a vehicle to review "agency action." In this case no Certificate has been entered requiring appeal pursuant

4

to 717r. However, the agency has taken final agency action with respect to the FEIS, which will, absent relief from this Court, cause direct and irreparable harm to Plaintiffs. This "agency action" is reviewable under the APA and Section 717u gives this Court the "exclusive jurisdiction" to hear violations of the NGA, i.e. recommending approval of an export pipeline under Section 7, which authorizes use of eminent domain, and delegating all safety issues to another agency in violation of its enabling statute and federal regulations.

FERC has failed to comply with applicable statutes and procedures which are condition precedents to the issuance of a Certificate. Nonetheless, FERC is poised to issue such a Certificate unless enjoined by this Court. In such a case, the APA and 717u grant this Court "exclusive jurisdiction" to hear Plaintiffs' claims and require FERC to comply with federal law.

**2. This Court has Jurisdiction Over the Claims Asserted by Plaintiffs**

Defendants claim that this Court lacks jurisdiction to hear the claims asserted by the Plaintiffs and, therefore, cannot grant Plaintiffs' Motion for Preliminary Injunction ("Motion"). However, there is a strong presumption in favor of judicial review of agency action which can be overcome only by clear and convincing evidence of a contrary legislative intent. *See Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670–71, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). As set forth below, this Court has jurisdiction and may grant the relief requested by Plaintiffs.[2]

      a. **The Court has Jurisdiction to determine whether the FEIS must be set aside.**

---

[2] Plaintiffs Complaint does not seek to the end the FERC certification process but only to reverse the FEIS, compel compliance with applicable federal laws, and recognize certain rights being denied. Throughout this process, adoption of the City of Green Alternate Route (COGAR) would have mooted the concerns of Plaintiffs.

Plaintiffs seek injunctive relief from this Court under more than one theory. One of which is that the FEIS does not consider the impact of the NGT Project on Plaintiffs' physical safety. As set forth in the Motion, the FEIS <u>completely fails to address</u> Plaintiffs' physical safety. The issue was delegated illegally to another federal agency. The FEIS simply states:

> "DOT safety standards are intended to ensure adequate protection regardless of proximity to development. The pipelines and aboveground facilities associated with the NGT and TEAL Projects must be designed, constructed, operated, and maintained in accordance with these safety standards. Therefore, we find either route is safe, regardless of population density."

As set forth in the Motion, this conclusory statement does not satisfy FERC's obligations under NEPA to "assure for all Americans safe, healthful, productive, and esthetically and culturally pleasing surroundings." 42 U.S.C. § 4331(b)(2).

This Court clearly has jurisdiction to determine that the FEIS is deficient and must be set aside. In the case of *Southwest Williamson County Community Ass'n, Inc. v. Slater*, 173 F.3d 1033 (1999) the Sixth Circuit addressed this precise issue. In *Slater*, a community organization brought action pursuant to the Administrative Procedures Act against federal officials to block construction of a road pending compliance with federal and state environmental laws. The organization filed a motion for preliminary injunction and defendants filed a motion to dismiss. The district court dismissed on statute of limitation grounds and Plaintiff appealed. Initially, the Sixth Circuit determined that although NEPA did not authorize a private right of action, Plaintiffs were entitled to bring an action against a Federal Agency pursuant to the APA. *Id*. at 1036. ("[A] person 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action' can bring suit under the APA. 5 U.S.C. § 702.)

Having determined that the Plaintiffs could maintain an action against the agency, the Sixth Circuit next determined when the cause of action accrued, stating that Plaintiffs have six

6

years from the date of "final agency action" to bring suit. The Court followed the holding of a earlier decision and determined that the issuance of an FEIS constituted final agency action. *Ibid*; *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)("Although this court has never addressed the question, it appears well-established that a final EIS or the ROD issued thereon constitute the 'final agency action' for purposes of the APA.")

Title 5, section 702 of the United States Code provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Additionally, 5 U.S.C. § 704 states:

> "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."

Under either of these sections, this Court has jurisdiction to review the FEIS.

> b. **This Court Has Jurisdiction to Determine Whether FERC Is Permitting Nexus to Proceed under the Incorrect Statute in Applying for a Certificate.**

As set forth in the Motion, Nexus filed its Application under the incorrect statute.[3] Nexus is an export pipeline, even if small amounts of product are delivered in the United States and, as

---

[3] It should be noted in a related case, the Rover Pipeline, the Applicant filed and was approved under Section 7 of the NGA. Both Rover and Nexus will share the Vector pipeline to export gas into Canada to the Dawn Hub. FERC specifically found at paragraph 49, page 19 of the Rover Certificate: "The Commission does not have jurisdiction over the exportation or importation of natural gas. Such jurisdiction resides with the U.S. Department of Energy (DOE), which must act on any applications for natural gas export or import authority.43 We note that there is no proposal before us to increase the export capacity of Vector's facilities and that the Rover shippers utilize existing export capacity should DOE approve the export of the commodity. [Footnote 43]: The proposed facilities are not located at a potential site of exit for natural gas exports. Moreover, the Secretary of Energy has not delegated to the Commission any authority to approve or disapprove the import or export of the commodity itself, or to consider whether the exportation or importation of natural gas is consistent with the public interest. See Corpus

such, is required to proceed under Section 3 of the Natural Gas Act. By issuing an FEIS pursuant to Section 7 of the Natural Gas Act, FERC is acting contrary to statute.

Plaintiffs' Complaint states a cause of action under 15 U.S.C. § 717u. This section states in relevant part: "The District Courts of the United States . . . shall have **exclusive jurisdiction** of violations of this chapter . . . and **of all suits in equity** and actions at law brought to enforce any liability or duty created by, or **to enjoin any violation of, this chapter** or any rule, regulation, or order thereunder. . . . Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter . . . **may be brought in any such district** . . .". 15 U.S.C.A. § 717u (West)(emphasis added). Although 717u does not create a private right of action, if Plaintiffs have a cause of action for a violation of the NGA, this Court is granted exclusive jurisdiction to hear such action. See *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 591 (6th Cir. 2013) citing *Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle County,* 366 U.S. 656, 662–64, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

FERC contends in its opposition that "the Court lacks subject matter jurisdiction to intervene in an ongoing FERC certificate proceeding," and in its Motion to Dismiss that *Califano v. Sanders,* 430 U.S. 99 (1977), stands for the proposition that: "The APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." However, the Supreme Court's decision was expressly limited by statute and review of social security benefits denial was restricted to the Secretary of Health, Education and Welfare. FERC in furtherance of this argument cites *Duke Energy Field Servs. Assets LLC v. FERC*, 150

---

Christi Liquefaction, LLC, 149 FERC ¶ 61,283, at P 20 (2014) (Corpus Christi). See also National Steel Corp., 45 FERC ¶ 61,100, at 61,332-33 (1988) (observing that DOE, "pursuant to its exclusive jurisdiction, has approved the importation with respect to every aspect of it except the point of importation" and that the "Commission's authority in this matter is limited to consideration of the place of importation, which necessarily includes the technical and environmental aspects of any related facilities")."

F.Supp.2d 150, 155 (D.D.C. 2001) quoting: "It is well-settled that the APA does not confer any independent jurisdiction on the district courts." To place these decisions in context, what the court actually stated was:

> "It is well-settled that the APA does not confer any [implied] independent jurisdiction on the district courts. The Supreme Court concluded as such in Califano v. Sanders, 430 U.S. 99, 104-07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), stating that "the APA does not afford an implied grant of subject-matter jurisdiction." **Rather, courts preside over APA actions by virtue of their 28 U.S.C. § 1331 jurisdiction. See Davis & Price, III Administrative Law Treatise, § 18.2 at 165 (3d ed. 1994) ("In the absence of a statutory provision to the contrary, 28 U.S.C. § 1331 confers on district courts exclusive jurisdiction to review any reviewable action of a federal agency.")**" 150 F.Supp. 150, 156 (emphasis added)

In this case, Plaintiffs have two means to bring their cause of action to contest FERC's violation of the NGA. First, as discussed above, the FEIS represents final agency action and the APA permits Plaintiffs to bring a cause of action to contest the FEIS and its findings. Pursuant to Section 706 of the APA, this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be. . . otherwise not in accordance with law . . . [or] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."(emphasis added). FERC has proceeded under the incorrect statutory provision and recommended approval and has issued an FEIS that will permit Nexus to employ eminent domain powers not intended by Congress.

The FEIS concludes that Nexus may be issued a Certificate under Section 7 of the NGA provided that certain mitigation measures are implemented. FEIS at ES 19, 5-18-26. This conclusion is erroneous and contrary to law. As stated in the Motion, Section 717f, only applies to "natural gas companies" which the Act defines as "a person engaged in the transportation of

9

natural gas in interstate commerce."[4] Section 3 applies to export pipelines. The difference is material—Section 7 allows Nexus to avail itself of eminent domain, Section 3 does not. As set forth in 15 U.S.C. § 717u, this Court has "exclusive jurisdiction" to determine whether the FEIS violates Section 3 or 7 of the Natural Gas Act.

In addition, a district court has jurisdiction "where there is a readily observable usurpation of power not granted to the agency by Congress." *Greater Detroit Res. Recovery Auth. v. U.S. E.P.A.,* 916 F.2d 317, 323 (6th Cir. 1990)(citing *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)). Thus, if this Court does not find jurisdiction under the APA to review FERC's decision to allow Nexus to proceed under Section 7 of the NGA, the Court has jurisdiction under this non-statutory basis.

"Nearly all the cases which address the question of district court jurisdiction for non-statutory review of administrative action recognize that in narrow circumstances some residuum of federal question subject matter jurisdiction may exist in the United States District Court, although apparently otherwise precluded by a comprehensive statutory review scheme." *Greater Detroit Res. Recovery Auth.,* 916 F.2d at 323 (6th Cir. 1990)(quoting *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1246 (6th Cir. 1983)). "In order to bring a case within the exception, it must be shown that the action of the agency was a patent violation of its authority or that there has been a manifest infringement of substantial rights irremediable by the statutorily prescribed method of review." *Ibid.,* citing *Leedom,* 358 U.S. at 188–90, 79 S.Ct. at 183–84.

This case falls within the non-statutory exception. FERC is proceeding in a manner unauthorized by Congress. It is acting *ultra vires* in two significant respects. First, FERC was

---

[4]See *Distragas Corp v. Federal Power Comm.,* 495 F2d 1057 (D.C. Cir. 1974).

not authorized to delegate all safety issues to another federal agency in violation of its enabling statute and in violation of federal regulations as alleged in the Complaint.  Second, it is not authorized to issue a certificate under Section 7 for an export pipeline.[5]   If FERC is not enjoined, a Certificate will issue and Nexus will have immediate authority to use eminent domain to acquire easements.  Plaintiffs only remedy will be determinations of the value of takings.  If this Court does not find jurisdiction to hear this matter under the APA, Plaintiffs' will have no adequate remedy available to protect themselves.  Nexus is an export pipeline.  Congress did not authorize eminent domain to be used to acquire easements for exports.  This Court may, and should, exercise jurisdiction over this matter under either the APA or a non-statutory basis under federal question jurisdiction.

        c.       **Plaintiff's harm is irreparable, likely and a preliminary injunction must issue to preserve the status quo.**

FERC contends that Plaintiffs should not be entitled to a preliminary injunction because irreparable harm is not likely because Plaintiffs harm is "mere speculation"  citing *Smith v. SEC*, 129 F.3d 356, 363 (6th Cir. 1997).  The Smith case involved a preliminary injunction that had already been issued and the court was presented with the issue of dissolving the stay because the injunction was no longer needed and had become moot.  (". . . something more than mere possibility which serves to keep the case alive") *Id*.  In this case, Plaintiffs have appropriately alleged more than mere speculation.  FERC does not deny that almost every application for a certificate is granted triggering the right of eminent domain.  Plaintiffs' Complaint fully addresses FERC's procedural abuses of granting every certificate and tolling the Motions for Rehearing until after the pipelines are fully constructed, leaving little for the appellate courts to practically address.  In Summit County alone, there are approximately 2500 structures within the

---

[5] FERC has never defined criteria for an export pipeline.

impact radius or blast zone of the Nexus pipeline as recommended by FERC in its FEIS. The vast majority of these structures are residences, apartment buildings, a school and a church. See attached Exhibit regarding structures within impact radius prepared by City of Green, GIS administrator, Chrissy Langenfelter. FERC states: "The commission will give careful consideration to all safety concerns presented to it." Page 4 of Opposition. However, these safety issues have been repeatedly presented to FERC; FERC responded by finding: "Therefore, we find either route is safe, regardless of population density."[6] FERC has illegally and recklessly delegated all safety issues to PHMSA, which cannot consider the siting of the pipeline pursuant to federal regulations leaving no one to consider safety aspects.

FERC further contends that Plaintiffs cannot argue a procedural due process harm based upon the future eminent domain proceedings because such action is too speculative.[7] Plaintiffs must demonstrate that irreparable harm is "likely" in order to obtain an injunction.

---

[6] The "either route" references a comparison between the current route recommended by FERC versus the COGAR, which had reduced the number of residences within the blast zone of Nexus by a ratio of nearly 4 to 1. The COGAR was superior in nearly all respects but added approximately 5.5 miles in length.

[7] Defendants cite Del. Riverkeeper Network v. FERC, No. 16-416 (D.D.C. Mar. 22, 2017) arguing that Plaintiffs do not have a due process claim at this stage in the FERC proceedings. First, this argument is not relevant to the Motion for Preliminary Injunction as this was not one of the causes such motion was premised upon. Second, such cause of action does exist in this case. Many of the Plaintiffs in this case are outside of the easement area or will not be subject to eminent domain and have no subsequent due process to speak of. Rather, the protected due process right is their liberty interest to be free from the threat of physical harm caused by Nexus. "Ones safety and well being are within the liberty interests protected by due process." *Philadelphia Police and Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 699 F. Supp. 1106 (Dist.E.D. Penn.1988) (citations omitted). The Supreme Court has noted that the contours of this constitutional provision of due process,"guarantee more than fair process and ... cover a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis*, 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (internal citation and quotations omitted). In Lewis, the Supreme Court explained that, "[s]ince the time of our early explanations of due process, we have understood the core of the concept to be protection against arbitrary action.... We have emphasized time and again that the touchstone of due process is protection of the individual

*Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 129 S. Ct. 365, 367, 172 L. Ed. 2d 249 (2008). Defendants argue that because a Certificate has not yet been issued, the injury is speculative. However, this ignores the fact that FERC overwhelmingly grants Certificates, which has not been denied by FERC.  Enbridge is fully confident that a Certificate will issue immediately, demonstrated by the Enbridge quote.  Technically it is not a <u>certainty</u> that a Certificate will issue; that it not the legal standard.  Past history and comments from the parties involved demonstrate that it is highly likely that it will happen absent an injunction issued by this Court and potentially change the direction of the litigation and limit Plaintiffs' legal remedies available to them.

FERC further argues that no harm will befall Plaintiffs because they could be adequately compensated in eminent domain proceedings.  This argument completely ignores that when proceeding under the incorrect statute, <u>the use of eminent domain itself is the harm</u>. It also ignores the fact that the siting of the pipeline is in violation of NEPA.  Eminent domain will not redress either of these injuries.  The agency's actions have created a condition where the issuance of a Certificate, and the consequences which flow therefrom, within and of itself, cause irreparable harm to the Plaintiffs and surrounding communities.  Only an injunction prior to a Certificate's issuance can ensure that this Court will be able to adjudicate Plaintiffs' claims and prevent this injury from occurring until the case is over.

    d.    **The Balance of Equities and Public Interest Support Granting Preliminary Injunctive Relief.**

No single factor is determinative as to the appropriateness of equitable relief.  In addition to assessing the likelihood of success on the merits, which Plaintiffs have demonstrated and

---

against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." Id. at 845-46, 118 S.Ct. 1708 (internal quotations and citations omitted).

FERC has not refuted, the Court must consider the irreparability of any harm to the plaintiff, the balance of injury as between the parties, and the impact of the ruling on the public interest. In general, the likelihood of success that need be shown will vary inversely with the degree of injury the plaintiff will suffer absent an injunction. This language was quoted with approval by the Court in *Roth v. Bank of the Commonwealth,* 583 F.2d 527, 537–38 (6th Cir.1978), *cert. dismissed,* 442 U.S. 925, 99 S.Ct. 2852, 61 L.Ed.2d 292 (1979).   In *Roth,* the district court had expressly declined to find that plaintiffs were "likely to prevail" or had a "strong probability of success" on the merits. The preliminary injunction was nonetheless affirmed because the other factors militated strongly in plaintiffs' favor.  Plaintiffs, however, contend in this case that they have a strong probability of success on the merits.

In *Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 105 (6th Cir.1982), the Court approved a test that would allow a court to grant a preliminary injunction "where the plaintiff fails to show a strong or substantial probability of ultimate success on the merits of his claim, but where he at least shows serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if an injunction is issued."   In this situation, a lower court is within its discretion to issue a preliminary injunction if the merits present a sufficiently serious question to justify further investigation.  *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229–30 (6th Cir. 1985).  Clearly, further investigation is warranted in this case to determine whether the FEIS should be reversed, whether the pipeline is an export pipeline, whether safety setbacks must be imposed.   Balancing the harm, clearly favors Plaintiffs.

FERC's other concerns raised on page 6 and 7 of its Opposition do not address the imposition of a temporary stay, but rather attempt to persuade the Court to defer to FERC and that the "Commission is the guardian of the public interest in determining whether certificates of

14

convenience and necessity shall be granted." "FERC is tasked with deciding whether the public interest supports the pipeline." Unfortunately, FERC has already stated on page 137 of the FEIS: "The City of Green Route Alternative has generated more stakeholder attention and public comment than perhaps any other single issue relating to the NGT Project. This EIS, however, is not intended to evaluate which route is most popular among stakeholders." FERC is not concerned with what the public interest is even when that interest is overwhelming and compelling irrefutable arguments are presented from local governments, experts and concerned citizens. The City of Green's COGAR reduced conflicts by a 4 to 1 ratio and placed Nexus for a significant distance alongside the Rover pipeline, which is just South of the populated areas in Stark, Summit and Medina Counties and still achieves the goals of Nexus. As explained in the Complaint, FERC determined that the costs and delays to Nexus associated with rerouting outweighed any of the negative economic impacts to Summit County. Clearly, what serves the public interest is for this Court to compel the federal government to listen to the local governments, property owners, charitable organizations, and businesses most impacted by Nexus by requiring compliance with the law. The public interest is advanced by issuance of a temporary stay in order to preserve the status quo in order to properly evaluate the merits of Plaintiff's claims.

     Wherefore, Plaintiffs pray for the Court to impose an immediate temporary stay before the new commissioners are appointed and the Certificate is issued by FERC and such further relief as the Court deems necessary.

/s/ David A. Mucklow
David A. Mucklow, #0072875
Attorney for Plaintiffs
919 E. Turkeyfoot Lake Rd, Suite B
Akron, Ohio 44312

15

        Phone: (330) 896-8190
        Fax:     (330) 896-8201
        davidamucklow@yahoo.com

        /s/ Aaron Ridenbaugh
        Aaron Ridenbaugh, #0076823
        Attorney for Plaintiffs
        Gibson & Moran, LLC
        234 Portage Trail
        Cuyahoga Falls, Ohio 44221
        Phone: (330) 929-0507
        Fax: (330) 929-6605
        aaron@gibsonmoran.com

        /s/ Kevin J. Breen
        Kevin J. Breen, #0034670
        Kevin J. Breen Co., LLC
        3500 West Market Street, Suite 4
        Fairlawn, Ohio 44333
        Phone: (330) 666-3600
        Fax: (330) 670-6556
        kevin.j.breen@gmail.com

## CERTIFICATE OF SERVICE

I, David Mucklow, hereby certify that a true copy of the foregoing document was filed with the Clerk of Courts using the ECF system, which will send notification of such filing to all attorneys of record on this 22d day of June, 2017.

        /s/ David A. Mucklow
        DAVID A. MUCKLOW (#0072875)