# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Laura D. Urban, et al.** | ) | **Case No.  5:17-CV-01005 JRA** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Adams** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Federal Energy Regulatory** | ) | |
| **Commission et al.** | ) | |
| | ) | **Plaintiffs' Response to the Motion to** |
| **Defendants.** | ) | **Dismiss Filed by the Federal Defendants** |

Now come the Plaintiffs, by and through counsel, and hereby submit their Response to the Motion to Dismiss filed by the Federal Defendants ("Motion").  For the reasons set forth below, the Motion is without merit and must be denied.

## Table of contents

Statement of Issues and Summary of Arguments……………...............................................1

A.      This Court has subject matter jurisdiction to hear the Complaint……………….....4

1.      Plaintiffs May Seek Relief Pursuant to the Administrative Procedures…………...5

2.      The Court has Jurisdiction to determine whether the FEIS must be set aside……8

3.      This Court Has Jurisdiction to Determine Whether FERC Is Permitting Nexus to Proceed under the Incorrect Statute in Applying for a Certificate……..11

4.      This Court has jurisdiction on a non-statutory cause of action…………………….13

5.      Title 15 U.S.C. § 717u gives this Court Jurisdiction to hear this case…………….14

B.      The Complaint states a claim upon which relief can be granted…………………….15

C.    Conclusion…………………………………………………………………………………….21

<u>**Statement of Issues and Summary of Arguments**</u>

Plaintiffs have not brought this action to challenge the statutory scheme of the Natural Gas Act.  Rather, Plaintiffs are seeking to remedy clear violations of law which will cause injury to Plaintiffs if not prevented by this Court.

Plaintiffs bring this action seeking to prevent the Federal Defendants and NEXUS Gas Transmission, LLC (Nexus) from violating the laws of the United States and their Constitutional rights arising thereunder.  On November 20, 2015, (Nexus) filed an Application with the Federal Energy Regulatory Commission (FERC or Commission) pursuant to Section 7(c) of the Natural Gas Act (NGA).  Nexus is seeking a Certificate of Public Convenience and Necessity (Certificate) to construct, own, and operate a new natural gas pipeline system in Ohio and Michigan. Nexus' proposed project is referred to as the Nexus Gas Transmission Project (NGT Project). The NGT Project, as alleged in the Complaint, is an export pipeline; the FEIS states that Nexus utilizes the Vector Pipeline system as the natural gas exits the United States.  The majority of the natural gas it transports is destined for the Dawn Hub in Canada or export markets.  Enbridge, a Canadian company, is the lead developing partner on the NGT Project.

The Final Environmental Impact Statement ("FEIS") in these cases tracked in docket CP16-22-000 was issued according to FERC on or about "November 30, 2016," a copy of which is filed in this case as Exhibit 1 to the Complaint.  In the FEIS, FERC expressly delegates safety considerations for proposed natural gas pipelines to another Federal Agency-- the US Department of Transportation Pipeline and Hazardous Materials Safety Administration ("PHMSA").  The FEIS states: "With regard to safety, we reiterate that DOT safety standards are intended to ensure adequate protection of the public regardless of where the pipeline is routed;

therefore, there is no basis to adjust the corridor for safety reasons." By simply deferring to DOT pipeline guidelines, FERC has ensured that no safety analysis has been performed regarding this specific pipeline and its route. This conclusory statement does not satisfy FERC's obligations under NEPA to "assure for all Americans safe, healthful, productive, and esthetically and culturally pleasing surroundings." 42 U.S.C. § 4331(b)(2). This delegation violates the National Environmental Policy Act (NEPA) and was not authorized under FERC's enabling statute and PHMSA is prohibited from making recommendations regarding siting of pipelines as alleged in the Complaint. Therefore, Plaintiffs argue that **no one** and assuredly no federal agency has examined the siting of the pipeline as it relates to the safety of the Plaintiffs who are being forced to live or work within the "blast zone" or "high consequence area" of the Project.

According to the FEIS, there are 178 residential structures within 50 feet of the pipeline. FEIS at ES-10. The FEIS also identifies 62 planned or ongoing residential or commercial development projects impacted by Project. FEIS at ES-11. The City of Green has identified 22 residential structures, including an apartment building, within 100 feet and almost 500 residential structures within 1000 feet just within Summit County, Ohio. The location of the pipeline violates land use and zoning codes, safety laws, reserved to the local government.

Since 2010, there have been 4,215 pipeline incidents resulting in 100 reported fatalities, 470 injuries, and property damage exceeding $3.4 billion. The FEIS states that the pipeline is safe regardless of population density. An alternate route (COGAR) was proposed by the City of Green avoiding conflicts with the human environment significantly, which only added 5.5 additional miles to the 250-mile-long Project, reduced conflicts by a 4:1 ratio rendering the COGAR route, co-located with the Rover Pipeline, much safer.

The COGAR also avoided Singer Lake Bog, Nimisila Metro Park, and the two earthen dams at Comet and Nimisila Lakes. Nexus is planned to be constructed along the entire Northern side of the Singer Lake Bog, crossing its wetlands and feeder streams. FERC simply ignored (a no look) the safety aspects of placing a 36-inch-high pressure natural gas pipeline within a short distance of two Class 1 earthen dams.

FERC delegated the important safety functions required to be examined under NEPA to another agency and has been doing so consistently since entering the Memorandum Agreement with PHMSA. Pursuant to 42 U.S.C. § 7171 (g) Powers of Commission, FERC lacks the power or authority to delegate its duties under the NGA:

> "In carrying out any of its functions, the Commission shall have the powers authorized by the law under which such function is exercised to hold hearings, sign and issue subpoenas, administer oaths, examine witnesses, and receive evidence at any place in the United States it may designate."

Moreover, PHMSA has no authority to site pipelines[1] and is not a cooperating agency. Consequently, no one considered safety or local land use and zoning plans in the siting of the Project as required under NEPA and federal law. FERC exercised "no look" rather than provided a "hard look" as required by NEPA. Plaintiffs seek to vacate the FEIS.

Additionally, the majority of natural gas which will flow through the NGT Project is destined for the Dawn Hub in Canada (87% of the subscribed capacity). As such, this is an export pipeline. Plaintiffs seek a declaration of rights and injunctive relief.

### Law and Argument

**A.      This Court has subject matter jurisdiction to hear the Complaint.**

---

[1] "49 CFR § 60104 (e) LOCATION AND ROUTING OF FACILITIES.—This chapter does not authorize the Secretary of Transportation to prescribe the location or routing of a pipeline facility."

Defendants make several dubious arguments in an attempt to convince this Court that it does not have jurisdiction to hear this matter. A persistent theme throughout Federal Defendant's brief is that Section 717r forecloses jurisdiction in this Court and no other federal laws are applicable to the proceedings. Defendants cite many cases which primarily deal with the issuance of a Certificate, preceding federal court involvement. This is an attempt to muddle the issues in this case. <u>Plaintiffs are not challenging the certificate</u>. It has not been issued. They are challenging the FEIS and the proceedings which give rise to their injuries. As set forth below, the Administrative Procedures Act applies to the Natural Gas Act and supplies this Court with the necessary jurisdiction to render a decision in this case. The Natural Gas Act, additionally grants this Court jurisdiction to hear these causes of action, pursuant to Section 717u.

**1. Plaintiffs May Seek Relief Pursuant to the Administrative Procedures Act.**

The Administrative Procedures Act ("APA") grants a cause of action to individuals harmed by agency action. 5 U.S.C. § 702. In reviewing agency action, this Court must "hold unlawful and set aside <u>agency action, findings, and conclusions</u> found to be-- . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (emphasis added). However, the APA does not provide a cause of action if "statutes preclude judicial review; or . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)(2). As to the second prong of this test, the FERC does not have discretion in determining whether an export pipeline application should proceed under Section 3 of the NGA. This statute contains a directive: "no person shall export any natural gas from the United States to a foreign country or import any natural gas from a foreign country without first having secured an order of the Commission authorizing it to do so." 15 U.S.C. § 717b(a) (2012). FERC has no

discretion to ignore this provision.  A Presidential permit is also required.  The Congressional

Research Service in 2013 wrote:

> "FERC regulations governing authorization of facilities to construct, operate, or modify natural gas import/export facilities are set forth at 18 C.F.R. Part 153. Applications for Presidential Permits are subject to these regulatory requirements. 18 C.F.R. § 153.5 articulates "who should apply" for such FERC authorizations. **The regulation provides that any person proposing to site, construct, or operate natural gas import or export facilities or to "amend an existing Commission authorization, including the modification of existing authorized facilities**," **must apply for a permit**."  (emphasis added) Page 4, 7-5700, www.crs.gov, R43261, October 29, 2013.

 Further the National Environmental Policy Act mandates that FERC issues an FEIS which

analyzes the pipeline construction's impact on, among other things, the quality of the human

environment.  FERC does not have the discretion to ignore NEPA's mandate.

As to the first exception under 5 U.S.C. § 701(a)(1), the NGA does not preclude judicial

review.  "[Judicial review under the APA] shall not be deemed foreclosed unless Congress has

forbidden review in unmistakable terms." *Sierra Club v. Peterson*, 705 F.2d 1475, 1478–79 (9th

Cir. 1983) quoting *County of Alameda v. Weinberger,* 520 F.2d 344, 348 (9th Cir.1975).

Pursuant to 28 U.S.C. 1331 (federal question jurisdiction): "The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States."  Plaintiffs' cause of action arises under federal question jurisdiction, the express

language of the APA, and Section717u of the Natural Gas Act.

Congress has not precluded judicial review under the NGA, and it expressly authorized

such review in Section 717u:

> "**The District Courts** of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States **shall have exclusive jurisdiction of violations of this chapter** or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce

any liability or duty created by, **or to enjoin any violation of, this chapter** or any rule, regulation, or order thereunder."

Section 703 of the APA expressly states that:

"[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction."

There is a strong presumption in favor of judicial review of agency action which can be overcome only by clear and convincing evidence of a contrary legislative intent. *See Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670–71, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). Congress has clearly and unambiguously directed in Section 717u of the NGA that this Court must entertain jurisdiction over this matter. Defendants repeatedly and mistakenly cite 15 U.S.C. § 717r for the proposition that only the Court of Appeals holds exclusive jurisdiction. This assertion is incorrect and misleading. Section 717r provides that a party may file a petition with the Court of Appeals contesting an "order" of the commission and that upon the filing of such petition the Court of Appeals will have exclusive jurisdiction "to affirm, modify, or set aside such order in whole or in part." A typical case involves a petition to rehear or review the issuance of a certificate of public convenience and necessity. *See Am. Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010)(" The Natural Gas Act sets forth a highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline. A party aggrieved by such an order may apply for rehearing before FERC."); *NO Gas Pipeline v. F.E.R.C.,* 756 F.3d 764, 769 (D.C. Cir. 2014) ("The precise direct-review statute at issue in this case allows a party aggrieved by a FERC order issued under the Natural Gas Act to 'obtain a review of such *order.*'")(emphasis in original). Nearly all of FERC's cases cited in

support of its contention arise solely in this context and are not applicable to the case before the Court.

While 717r contains the procedure to review FERC "orders," the APA alternatively provides a vehicle to review "agency action" as in the case of the FEIS. In this case no Certificate has been entered requiring appeal pursuant to 717r. However, the agency has taken final agency action with respect to the FEIS, which will, absent relief from this Court, cause direct and irreparable harm to Plaintiffs because the last step, as outlined by FERC pursuant to its regulations (Exhibit 2 of the Complaint; 18 CFR 157.6(d) (3) (ii)), is approval of the Certificate. This "agency action" is reviewable under the APA and Section 717u gives this Court the "exclusive jurisdiction" to hear violations of the NGA, i.e. recommending approval of an export pipeline under Section 7 (without Section 3 consideration), which authorizes use of eminent domain, and delegating all safety issues to another agency in violation of its enabling statute and federal regulations.

FERC has failed to comply with applicable statutes and procedures which are condition precedents to the issuance of a Certificate. Nonetheless, FERC is poised to issue such a Certificate unless enjoined by this Court and the FEIS is vacated. In such a case, the APA and 717u grant this Court "exclusive jurisdiction" to hear Plaintiffs' claims and compel FERC to comply with federal law.

Defendants claim that this Court lacks jurisdiction to hear the claims asserted by the Plaintiffs and, therefore the case should be dismissed under F.R.C.P. 12(b)(1). However, as set forth below, this Court has jurisdiction and may grant the relief requested by Plaintiffs.

      **2.** **The Court has Jurisdiction to determine whether the FEIS must be set aside.**

Plaintiffs seek injunctive relief from this Court under several theories. One of which is that the FEIS does not consider the impact of the NGT Project on Plaintiffs' physical safety. As set forth in the Complaint, the FEIS <u>completely fails to address</u> Plaintiffs' physical safety. The FEIS simply states:

> "DOT safety standards are intended to ensure adequate protection regardless of proximity to development. The pipelines and aboveground facilities associated with the NGT and TEAL Projects must be designed, constructed, operated, and maintained in accordance with these safety standards. Therefore, we find either route is safe, regardless of population density."

This Court has jurisdiction to determine that the FEIS is deficient and should be set aside. In the case of *Southwest Williamson County Community Ass'n, Inc. v. Slater*, 173 F.3d 1033 (1999) the Sixth Circuit addressed this precise issue. In *Slater*, a community organization brought action pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*("APA"), against federal officials to block construction of road pending compliance with federal and state environmental laws. The organization filed a motion for preliminary injunction and defendants filed a motion to dismiss. The district court dismissed the case on statute of limitation grounds. *Id*. at 1035. Initially the Sixth Circuit determined that although NEPA did not authorize a private right of action, Plaintiffs were entitled to bring an action against a Federal Agency under the APA. *Id*. at 1036. ("[A] person 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action' can bring suit under the APA. 5 U.S.C. § 702.)

Having determined that the Plaintiffs could maintain an action against the agency, the Sixth Circuit next determined when the cause of action accrued, stating that Plaintiffs have six years from the date of "final agency action" to bring suit. The Court followed the holding of a previous case and determined that the issuance of an FEIS constituted final agency action. *Ibid*; *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)("Although this court has never

addressed the question, it appears well-established that a final EIS or the ROD issued thereon constitute the 'final agency action' for purposes of the APA.")  Thus, Sixth Circuit precedent expressly refutes Federal Defendants contentions that the APA does not confer jurisdiction and that the FEIS is not final agency action.

Title 5, Section 702 of the United States Code provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  Further, 5 U.S.C. § 407 states: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."  Under either of these sections, this Court has jurisdiction to review the FEIS.

FERC attempts to persuade this Court that the APA cannot confer jurisdiction and cites *Califano v. Sanders*, 430 U.S. 99 (1977) in support.  An actual reading of *Califano* clarifies that decision was limited to social security benefits under the Social Security Act, which can only be reviewed by the Secretary of Health Education and Welfare.  It further argues that: "it is well-settled that the APA does not confer any independent jurisdiction on the district courts."  citing *Duke Energy v. FERC*, 150 Supp. 2d 150, 155.  The complete quote however, states: "Rather, **courts preside over APA actions by virtue of their 28 U.S.C. § 1331 jurisdiction.**" See Davis & Price, III Administrative Law Treatise, § 18.2 at 165 (3d ed. 1994) ('In the absence of a statutory provision to the contrary, 28 U.S.C. § 1331 confers on district courts exclusive jurisdiction to review any reviewable action of a federal agency.')"(emphasis added).

FERC similarly suggests that the agency action lacks ripeness because FERC may voluntarily prepare a supplemental Statement. However, FERC's brochure attached as an exhibit to the Complaint outlining FERC procedures provides for no such procedure. Moreover, FERC cannot seriously point to any such case actually occurring. The problem with FERC's argument is that it assumes the agency will actually adhere to NEPA. Plaintiffs have filed this action in part because of FERC's refusal to follow NEPA. The only way to ensure compliance with the NGA, the APA and NEPA is for this Court to compel such an outcome rather than leave it to the possibility that FERC may or may not protect Plaintiff's rights. An injunction and declaration of rights would ensure that a supplemental Statement would become part of the final outcome of the FERC process before the certificate is issued and eminent domain is conferred upon Nexus. Moreover, all of the issues raised in the Complaint have already been filed before FERC only to not be addressed in the FEIS; most major issues were simply ignored or downplayed.

### 3. This Court Has Jurisdiction to Determine Whether FERC Is Permitting Nexus to Proceed under the Incorrect Statute in Applying for a Certificate.

As set forth in the Complaint, Nexus filed its Application under the incorrect statute. Nexus is an export pipeline and, as such, is required to proceed under Section 3 of the Natural Gas Act and applicable federal regulations. By issuing an FEIS pursuant to Section 7 of the Natural Gas Act, FERC is acting contrary to statute and conveniently sidesteps important mandatory considerations.

Plaintiffs' Complaint states a cause of action under 15 U.S.C. § 717u. This section states in relevant part:

> The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have **exclusive jurisdiction** of violations of this chapter or the rules, regulations, and orders thereunder, and **of all suits in equity** and actions at law brought to enforce any liability or duty created by, or **to enjoin any violation of, this chapter** or any

> rule, regulation, or order thereunder. . . . Any suit or action to enforce any liability
> or duty created by, or to enjoin any violation of, this chapter or any rule,
> regulation, or order thereunder may be brought in any such district or in the
> district wherein the defendant is an inhabitant, and process in such cases may be
> served wherever the defendant may be found.

15 U.S.C.A. § 717u (West).  Although 717u does not create a private cause of action, if Plaintiffs

have a cause of action for a violation of the NGA, this Court is granted <u>exclusive jurisdiction</u> to

hear such action. See *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 591 (6th Cir.

2013) citing *Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle

County,* 366 U.S. 656, 662–64, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

In this case, Plaintiffs have two means to bring their cause of action under Section 717u

to contest FERC's violation of the NGA.  First, as discussed above, the FEIS represents final

agency action and the APA permits Plaintiffs to bring a cause of action to contest the FEIS and

its findings.  Pursuant to Section 706 of the APA, this Court shall "hold unlawful and set aside

agency action, findings, and conclusions found to be. . . otherwise not in accordance with law . . .

[or] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

FERC has proceeded under the incorrect statutory provision and has issued an FEIS that will

permit Nexus to hold eminent domain powers which Congress did not intend for it to have.

The FEIS concludes that Nexus may be issued a Certificate under Section 7 of the NGA

provided that certain mitigation measures are implemented. FEIS at ES 19.  This conclusion is

erroneous and contrary to law.  As stated in the Motion, Section 717f, only applies to "natural

gas companies" which the Act defines as "a person engaged in the transportation of natural gas

in interstate commerce."  Section 3 applies to export pipeline.  The difference is material—

Section 7 allows Nexus to avail itself of eminent domain, Section 3 does not.  As set forth in 15

U.S.C. § 717u, this Court has "exclusive jurisdiction" to determine whether the FEIS violates Section 3 and 7 of the Natural Gas Act and must be vacated.

While 717r contains the procedure to review FERC "orders," the APA provides a vehicle to review "agency action." In this case no Certificate has been entered requiring appeal pursuant to 717r. However, the agency has taken final agency action with respect to the FEIS, which will, absent relief from this Court, cause direct and irreparable harm to Plaintiffs. This "agency action" is reviewable under the APA and Section 717u gives this Court the "exclusive jurisdiction" to hear violations of the NGA, i.e. inappropriately recommending approval of an export pipeline under Section 7, which authorizes use of eminent domain, and delegating all safety issues to another agency in violation of its enabling statute and federal regulations.

Federal Defendants repeatedly state that all courts considering "the issue" have found that district courts lack jurisdiction. The problem with this argument is that no court has previously considered "the issues" presented in this case. The NGA is not a special Act. It is subject to the same laws that govern jurisdiction in any matter, including the APA. No court has considered the causes of action Plaintiffs seek to bring in this case with respect to the APA and NGA. However, as set forth above, the Sixth Circuit has considered a challenge to an FEIS and found that jurisdiction will lie for such a challenge.

FERC has failed to comply with applicable statutes and procedures which are condition precedents to the issuance of a Certificate. Nonetheless, FERC is poised to issue such a Certificate unless enjoined by this Court. In such a case, the APA and 717u grant this Court "exclusive jurisdiction" to hear Plaintiffs' claims and require FERC to comply with federal law.

**4.      This Court has jurisdiction on a non-statutory cause of action**

13

In addition, a district court has jurisdiction "where there is a readily observable usurpation of power not granted to the agency by Congress." *Greater Detroit Res. Recovery Auth. v. U.S. E.P.A.,* 916 F.2d 317, 323 (6th Cir. 1990)(citing *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)). Thus, if this Court does not find jurisdiction under the APA to review FERC's decision to allow Nexus to proceed under Section 7 of the NGA, the Court has jurisdiction under this nonstatutory basis.

> "Nearly all the cases which address the question of district court jurisdiction for nonstatutory review of administrative action recognize that in narrow circumstances some residuum of federal question subject matter jurisdiction may exist in the United States District Court, although apparently otherwise precluded by a comprehensive statutory review scheme." *Greater Detroit Res. Recovery Auth.,* 916 F.2d at323 (6th Cir. 1990)(quoting *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1246 (6th Cir. 1983)). "In order to bring a case within the exception, it must be shown that the action of the agency was a patent violation of its authority or that there has been a manifest infringement of substantial rights irremediable by the statutorily prescribed method of review."

*Ibid.,* citing *Leedom,* 358 U.S. at 188–90, 79 S.Ct. at 183–84.

This case falls within the non-statutory exception. FERC is proceeding in a manner unauthorized by Congress. It is acting *ultra vires*. If FERC is not enjoined, a Certificate will issue and Nexus will have immediate authority to use eminent domain to acquire easements. If this Court does not find jurisdiction to hear this matter under the APA, Plaintiffs' will have no remedy available to protect themselves. Nexus is an export pipeline. Congress did not authorize eminent domain to be used to acquire easements for exports and private use foreign companies. This Court may, and should, exercise jurisdiction over this matter under either the APA or a non-statutory cause of action.

**5.      15 U.S.C. § 717u gives this Court Jurisdiction to hear this case**

The Federal Defendants argue that Section 717u will not permit this Court to have jurisdiction in this matter. However, the Federal Defendants do not analyze recent Supreme Court precedent interpreting a provision substantively identical to Section 717u.

In *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1566 (2016), the Supreme Court addressed the scope of 15 U.S.C. § 78aa(a) which provides:

> "The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

The Court noted that "Much the same wording appears in nine other federal jurisdictional provisions," including the NGA. *Id*. at 1568. The Supreme Court held parsed the language of this section and concluded as follows: "Brought" in this context means "commenced," "to" is a word "expressing purpose [or] consequence," and "enforce" means "give force [or] effect to," So § 27 confers federal jurisdiction when an action is commenced in order to give effect to an Exchange Act requirement. *Id*. The Supreme Court expressly rejected the argument that, to fall within the statute, a claim had to be "created" by the Act. *Id*. at 1569. Rather, the Court held that "arising under" in Section 78aa held the same meaning as "arising under" as used in 28 U.S.C. § 1331.

Here, there can be no doubt that Plaintiffs' claim that Nexus and FERC are proceeding under the incorrect NGA statute "arises under" the NGA. It is founded upon the express provisions of the NGA itself and would not exist but for the NGA. The Supreme Court has made abundantly clear that Plaintiffs cause of action arises under 717u and must be heard by this court.

Federal Defendants cite *Town of Dedham v. Fed. Energy Regulatory Comm'n*, No. CV 15-12352-GAO, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015) for the proposition that "§

717u is simply an enforcement provision, not an open-ended grant of jurisdiction to the district courts." This contention is plainly at odds with the Supreme Court's pronouncement the language in Section 717u does not require a claim to be created by the Act in order for a district court to have jurisdiction. *Dedham* is also a post certificate case, which influenced the decision of the court.

FERC also cites *Nat. Gas Pipeline Co. of Am. v. Fed. Power Comm'n*, 128 F.2d 481 (7th Cir. 1942) in support of their position that Section 717u does not confer jurisdiction. In that case, the Seventh Circuit found that 717r specifically encompassed that action at issue. *Id*. at 487 ("The scope of the exclusive jurisdiction of the Circuit Court of Appeals is specific and covers appeals, which includes rate cases.") However, that court also recognized that "we find here provision for separate, exclusive jurisdictions of the District Court and of the Circuit Court of Appeals. In each instance, it should be noted that the jurisdiction conferred is exclusive." *Id*. at 486–87. Federal Defendants have attempted to interpret Section 717u such that it has no meaning or effect or can only be used to enforce orders. That is not what the statute expressly states. The Court of Appeal has jurisdiction over appeals from agency orders; the district court has jurisdiction over violations of the NGA and cases arising under the NGA that must be enjoined from agency abuse.

Federal Defendants also cite *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583 (6th Cir. 2013) for the proposition that section 717u does not create a cause of action. Again, this is an attempt to confuse the issues. Plaintiffs' causes of action arise under the Constitution, the APA, 28 U.S.C. § 1331, and the NGA. Section 717u grants exclusive jurisdiction to this Court to hear those actions. *Singh* involved a post-certificate easement dispute between a pipeline operator and a property owner, and the Court acknowledged that no private right of action

existed for disputes not involving violations of the NGA; rather these disputes were in the nature of state-law property claims. The parties in *Singh* were not diverse so the court lacked jurisdiction to hear the easement dispute.

FERC similarly attempts to convince the court that Congress has divested 28 U.S.C. § 1331 jurisdiction by vesting all jurisdiction in the appellate courts under 717r. However, the cases cited by the government actually illuminate that Congress has not divested jurisdiction from the district court in this case because no review of a FERC certificate is involved. The very specific, express language of 717u clearly vests jurisdiction in the district court to enjoin violations of the NGA and abuses of the responsible federal agency, FERC. For example, by citing the *Media Access Project*, 883 F.2d 1063, 1067 )(D.C. Cir. 2016) FERC suggests that "courts must apply the more specific legislation." A review of the decision reveals a complicated rule making challenge involving varied methods of jurisdiction for reviewing challenges to the regulations promulgated by the federal agency involved in that case. There simply is no evidence that Congress has divested the district court of jurisdiction in this case; rather the exact opposite is expressly true, <u>Congress provided specific jurisdiction to review NGA violations by FERC</u> and provides for injunctive relief to redress the harm before the harm is irreparable, i.e. by issuance of the certificate.

**B.**     **The Complaint states a claim upon which relief can be granted.**

As set forth below, Plaintiff has stated valid causes of action. The Federal Defendants' argument for dismissing, under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' causes of action regarding the FEIS and violations of Section 3 of the NGA are essentially the same as their jurisdictional arguments. For the reasons set forth above, those arguments fail. Plaintiffs

have stated valid claims for relief regarding the NGA's export provisions and the FEIS and those causes of action are properly before this Court.

Similarly, FERC argues that Plaintiffs have failed to exhaust administrative remedies. The FEIS represents final agency action and the APA permits Plaintiffs to bring a cause of action to contest the FEIS and its findings. Pursuant to Section 706 of the APA, this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be. . . otherwise not in accordance with law . . . [or] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."(emphasis added). FERC has proceeded under the incorrect statutory provision and recommended approval in violation of several federal laws and has issued an FEIS that will permit Nexus to employ eminent domain powers not intended by Congress.

FERC further contends that Plaintiffs cannot argue a procedural due process harm based upon the future eminent domain proceedings because such action is too speculative. Plaintiffs must demonstrate that irreparable harm is "likely" in order to obtain injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 129 S. Ct. 365, 367, 172 L. Ed. 2d 249 (2008). Defendants argue that because a Certificate has not yet been issued, Plaintiffs' injury is too speculative. However, this ignores the fact that FERC overwhelmingly grants Certificates. Only once in modern times has a Certificate been denied.

The law does not require someone to wait until they are injured to bring suit. If injury is imminent, a plaintiff has standing to sue. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016). Where a plaintiff seeks to establish standing based on an imminent injury, the Supreme Court has stated that a "substantial risk" that harm will occur will suffice to provide standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 at n. 5 (2013)("Our cases do not uniformly require plaintiffs to demonstrate that it is literally certain that the harms they identify

will come about. In some instances, we have found standing based on a "substantial risk" that the harm will occur, which may prompt plaintiffs to reasonably incur costs to mitigate or avoid that harm."); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010)(finding that establishing a reasonable probability of injury satisfied the injury in fact prong of the standing test). See also *Galaria v. Nationwide Mutual Insurance Co.*, 091216 FED6, 15-338 (6th Cir. 2016).

In this case, Plaintiffs have appropriately alleged more than mere speculation concerning the harm that will befall them absent this action. Neither the Federal Defendants nor Nexus deny that almost every application for a certificate is granted triggering the right of eminent domain. Plaintiffs' Complaint fully addresses FERC's procedural abuses of granting every certificate and tolling the Motions for Rehearing until after the pipelines are fully constructed, leaving little for the appellate courts to practically address. In Summit County alone, there are approximately 2500 structures within the impact radius or blast zone of the Nexus pipeline as recommended by FERC in its FEIS. The vast majority of these structures are residences, apartment buildings, a school and a church.

FERC has illegally and recklessly delegated all safety issues to PHMSA, which cannot consider the siting of the pipeline pursuant to federal regulations leaving no one to consider safety aspects. Plaintiffs do not have to wait until the pipeline is in the ground to protect themselves. Rather, they seek protection from this court as authorized by law.

Defendants cite *Del. Riverkeeper Network v. FERC*, No. 16-416 (D.D.C. Mar. 22, 2017) arguing that Plaintiffs do not have a due process claim at this stage in the FERC proceedings because eminent domain will occur in a subsequent proceeding. FERC mistakes the nature of the due process violation. Many of the Plaintiffs in this case are outside of the easement area or

will not be subject to eminent domain and have no subsequent due process to speak of. Judicial economy compels action before construction begins. The protected due process right of all of the Plaintiffs is their liberty interest to be free from the threat of physical harm caused by Nexus. "Ones safety and well-being are within the liberty interests protected by due process." *Philadelphia Police and Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 699 F. Supp. 1106 (E.D. Pa. 1988) (citations omitted). The Supreme Court has noted that the contours of this constitutional provision of due process, "guarantee more than fair process and ... cover a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis*, 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (internal citation and quotations omitted). In Lewis, the Supreme Court explained that,

> "[s]ince the time of our early explanations of due process, we have understood the core of the concept to be protection against arbitrary action.... We have emphasized time and again that the touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." Id. at 845-46, 118 S.Ct. 1708 (internal quotations and citations omitted).

Additionally, Plaintiffs are entitled to a declaration of rights to determine whether a foreign company can use the NGA, Section 7 without a Section 3 application, to engage in a taking for an export pipeline without a public use or purpose. As alleged in the Complaint, even without reaching the protections afforded by the 5th Amendment, the NGA does not authorize FERC to regulate foreign commerce beyond the scope of the commerce clause and interstate commerce. See *Distragas Corp v. Federal Power Comm.,* 495 F2d 1057 (D.C. Cir. 1974).

With regard to FERC's other concerns that the "Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted;"

unfortunately, FERC has already stated on page 137 of the FEIS: "The City of Green Route Alternative has generated more stakeholder attention and public comment. . . This EIS, however, is not intended to evaluate which route is most popular among stakeholders."   FERC is not concerned with what the "public interest" is even when that interest is present to them with overwhelming and compelling arguments.  As explained in the Complaint, FERC determined that the costs and delays to Nexus associated with rerouting outweighed any of the negative economic impacts to Summit County.  The public interest is advanced by vacating the FEIS and imposing a declaration of rights upon Defendants.

### C.    Conclusion

The Federal Defendant quote the D.C. Circuit in support of their Motion:

> Given the choice, almost no one would want natural gas infrastructure built on their block. "Build it elsewhere," most would say. The sentiment is understandable. But given **our nation's** increasing demand for natural gas (and other alternative energy sources), it is an inescapable fact that such facilities must be built somewhere.

*Minisink Residents for Envtl. Pres. & Safety v. F.E.R.C.*, 762 F.3d 97, 100 (D.C. Cir. 2014).

This case *sub judice* does not involve "<u>our nation's</u>" demand for natural gas.  It involves a Canadian company's desire to sell American natural gas in the foreign marketplace.

The Motion to Dismiss is deficient, lacking merit, and must be denied.

/s/ David A. Mucklow
David A. Mucklow, #0072875
Attorney for Plaintiffs
919 E. Turkeyfoot Lake Rd, Suite B
Akron, Ohio 44312
Phone: (330) 896-8190
Fax:    (330) 896-8201
davidamucklow@yahoo.com

/s/ Aaron Ridenbaugh
Aaron Ridenbaugh, #0076823

Attorney for Plaintiffs
Gibson & Moran, LLC
234 Portage Trail
Cuyahoga Falls, Ohio 44221
Phone: (330) 929-0507
Fax: (330) 929-6605
aaron@gibsonmoran.com

 /s/ Kevin J. Breen
Kevin J. Breen, #0034670
Kevin J. Breen Co., LLC
3500 West Market Street, Suite 4
Fairlawn, Ohio 44333
Phone: (330) 666-3600
Fax: (330) 670-6556
kevin.j.breen@gmail.com

## CERTIFICATE OF SERVICE

I, David Mucklow, hereby certify that a true copy of the foregoing document was filed

with the Clerk of Courts using the ECF system, which will send notification of such filing to all

attorneys of record on this 14th day of July, 2017.

/s/ David A. Mucklow
DAVID A. MUCKLOW (#0072875)

Table of Authority

*Am. Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010)…………..7
*Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670–71, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986)……………………………………………………………………………………7
*Califano v. Sanders*, 430 U.S. 99 (1977)…………………………………………………………...10
*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 at n. 5 (2013)……………………………………18
*Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 591 (6th Cir. 2013)…………..12,*16*
*County of Sacramento v. Lewis*, 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)20
*Distragas Corp v. Federal Power Comm.,* 495 F2d 1057 (D.C. Cir. 1974)…………………...20
*Duke Energy v. FERC*, 150 Supp. 2d 150, 155…………………………………………………..10
*Galaria v. Nationwide Mutual Insurance Co.*, 091216 FED6, 15-338 (6th Cir. 2016)………..19
*Greater Detroit Res. Recovery Auth. v. U.S. E.P.A.,* 916 F.2d 317, 323 (6th Cir. 1990)(citing
*Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)…………………………14
*Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)…………………………14
*Media Access Project*, 883 F.2d 1063, 1067 )(D.C. Cir. 2016)…………………………..…..17
*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1566 (2016)………15
*Minisink Residents for Envtl. Pres. & Safety v. F.E.R.C.*, 762 F.3d 97, 100 (D.C. Cir. 2014)…21
*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010)…………………………….19
*Nat. Gas Pipeline Co. of Am. v. Fed. Power Comm'n*, 128 F.2d 481 (7th Cir. 1942)………….16
*NO Gas Pipeline v. F.E.R.C.*, 756 F.3d 764, 769 (D.C. Cir. 2014)……………………….…..7
*Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle County,* 366 U.S. 656, 662–64, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961)…………………………………………12
*Philadelphia Police and Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 699 F. Supp. 1106 (E.D. Pa. 1988)………………………………………………………………..20
*Sierra Club v. Peterson*, 705 F.2d 1475, 1478–79 (9th Cir. 1983) quoting *County of Alameda v. Weinberger,* 520 F.2d 344, 348 (9th Cir.1975)…………………………………………..……6
*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)…………………………………………..18
*Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 129 S. Ct. 365, 367, 172 L. Ed. 2d 249 (2008)……………………………………………………………………………………..…..18
*Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)…………………………………..9
*Southwest Williamson County Community Ass'n, Inc. v. Slater*, 173 F.3d 1033 (1999)…..……8
*Town of Dedham v. Fed. Energy Regulatory Comm'n*, No. CV 15-12352-GAO, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015)……………………………………………………15

Title 42 U.S.C. § 4331(b)(2)………………………………………………………………………3
Title 42 U.S.C. § 7171 (g)………………………………………………………………… 4
49 CFR § 60104 (e) …………………………………………………………………………...4
Title 5 U.S.C. § 702………………………………………………………………………….5,10
Title 5 U.S.C. § 706 ………………………………………………………………………….5
Title 5 U.S.C. § 701(a)(1)(2) ………………………………………………………………...5,6,9

Title 15 U.S.C. § 717b(a) (2012)……………………………………………………………..5
The Congressional Research Service October 2013……………………………………………6
Title 28 U.S.C. 1331 (federal question jurisdiction)……………………………………6,15,17
Section717u of the Natural Gas Act………………………………………………6,11,12,15,16
Section 703 of the APA………………………………………………………………………7
Title 15 U.S.C. § 717r……………………………………………………………7,8,16,17
18 CFR 157.6(d) (3) (ii)………………………………………………………………………8
F.R.C.P. 12(b)(1)……………………………………………………………………………8
F.R.C.P. 12(b)(6)…………………………………………………………....………16
Title 5 U.S.C. § 407……………………………………………………………..…………10