**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Laura D. Urban, et al. | ) | Case No. 5:17-CV-01005 |
| | ) | |
| Plaintiffs, | ) | Judge Adams |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Energy Regulatory | ) | |
| Commission et al. | ) | **Plaintiffs' Response to the Motion to** |
| | ) | **Dismiss Filed by NEXUS Gas** |
| Defendants. | ) | **Transmission, LLC** |

Now come the Plaintiffs, by and through counsel, and hereby submit their Response to the Motion to Dismiss ("Motion") filed by NEXUS Gas Transmission, LLC ("Nexus"). For the reasons set forth below, the Motion is without merit and must be denied.

## Table of contents

**Statement of Issues and Summary of Arguments**………….................................................1

**A.    This Court has subject matter jurisdiction to hear the Complaint**………………..4

**1.    The FEIS constitutes final agency action and Plaintiffs may seek relief pursuant to the Administrative Procedures Act..**…………………………………………….……...…5

**2.    Section 717u grants exclusive jurisdiction to this Court**……………………………7

**3.    Plaintiffs have standing to bring this action** ……………………………………..11

**B.    Plaintiffs state a claim against Nexus** …………………………………….……15

**C.    Conclusion**……………………………………………………………………….16

**Statement of Issues and Summary of Arguments**

1

Contrary to the assertions of Nexus, Plaintiffs have not brought this action to challenge or sidestep the statutory scheme of the Natural Gas Act. Rather, Plaintiffs are seeking to remedy clear violations of law which will cause injury if not prevented by this Court. Plaintiffs bring this action seeking to prevent the Federal Defendants and Nexus from violating the law and their Constitutional rights.

On November 20, 2015, Nexus filed an Application with the Federal Energy Regulatory Commission (FERC or Commission) pursuant to Section 7(c) of the Natural Gas Act (NGA). Nexus is seeking a Certificate of Public Convenience and Necessity (Certificate) to construct, own, and operate a new natural gas pipeline system in Ohio and Michigan. Nexus' proposed project is referred to as the Nexus Gas Transmission Project (NGT Project). The NGT Project is an export pipeline. The majority of the natural gas it transports is destined for the Dawn Hub in Canada or export markets. Enbridge, a Canadian company, is the lead developing partner on the NGT Project. Nexus has failed to file an export application as required under the NGA.

The Final Environmental Impact Statement ("FEIS") in these cases tracked in docket CP16-22-000 was issued on or about "November 30, 2016," a copy of which is filed in this case as a supplement, Exhibit 1 to the Complaint. In the FEIS, FERC expressly delegates safety considerations for proposed natural gas pipelines to another Federal Agency-- the US Department of Transportation Pipeline and Hazardous Materials Safety Administration ("PHMSA"). The FEIS states: "With regard to safety, we reiterate that DOT safety standards are intended to ensure adequate protection of the public regardless of where the pipeline is routed; therefore, there is no basis to adjust the corridor for safety reasons." By simply deferring to DOT pipeline guidelines, FERC has ensured that no safety analysis has been performed regarding this specific pipeline and its route.

Even worse, the PHMSA is prohibited from making recommendation regarding siting of pipelines. Therefore, **no one** has examined the siting of the pipeline as it relates to the safety of the Plaintiffs.

Pursuant to 42 U.S.C. § 7171 (g) Powers of Commission, FERC lacks the power or authority to delegate its duties under the NGA: "In carrying out any of its functions, the Commission shall have the powers authorized by the law under which such function is exercised to hold hearings, sign and issue subpoenas, administer oaths, examine witnesses, and receive evidence at any place in the United States it may designate." This delegation to PHMSA violates the National Environmental Policy Act (NEPA). The agency action is marked "final" and as admitted in FERC's procedures, no further action is necessary short of issuing the Certificate.

According to the FEIS, there are 178 residential structures within 50 feet of the pipeline. FEIS at ES-10. The FEIS also identifies 62 planned or ongoing residential or commercial development projects impacted by Project. FEIS at ES-11. Again, no Federal Agency has determined whether this siting is safe. In fact, there is good cause to believe that it isn't. Since 2010, there have been 4,215 pipeline incidents resulting in 100 reported fatalities, 470 injuries, and property damage exceeding $3.4 billion. One serious accident recently occurred in 2016 in Pennsylvania on a pipeline owned and operated by the Nexus partner, Spectra Energy (now Enbridge), causing serious damage and injury. Despite these facts, the FEIS states that the pipeline is safe regardless of population density.

Additionally, the majority of natural gas which will flow through the NGT Project is destined for the Dawn Hub in Canada (87% of the subscribed capacity). As such, this is an export pipeline. By proceeding under section 717f, Nexus and FERC are violating the statutory

scheme established by Congress and lack a public use or purpose. This violation will allow Nexus to utilize eminent domain rather than negotiate a price with affected land owners.

## Law and Argument

A.   **This Court has subject matter jurisdiction to hear the Complaint**

Defendant makes several dubious arguments in an attempt to convince this Court that it does not have jurisdiction to hear this matter. A theme present throughout Nexus' brief is that Section 717r forecloses jurisdiction in this Court and that the Court of Appeals has "exclusive" jurisdiction to decide appeals from "orders." Defendants cite many cases which primarily deal with the issuance of a Certificate and collateral attacks made by Plaintiffs. This argument is an attempt to muddle the issues in this case. <u>Plaintiffs are not challenging the certificate; it has not been issued</u>. They are challenging the FEIS and the proceedings to this point which give rise to their injuries. As set forth below, the Administrative Procedures Act ("APA") applies to the Natural Gas Act and supplies this Court with the necessary jurisdiction to render a decision in this case. The Natural Gas Act, additionally grants this Court jurisdiction to hear causes of action pursuant to Section 717u which allows injunctive relief against violations of the NGA, which are rampant in this case.

Nexus also insists that the FEIS does not constitute "final agency action" despite being marked "final" and being the final step prior to issuing the Certificate. See Exhibit 2 of Complaint; 18 CFR 157.6(d)(3)(ii). The Sixth Circuit has spoken definitively on this issue: an FEIS <u>is</u> final agency action and may be reviewed by the district court. *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)("Although this court has never addressed the question, it appears well-established that a final EIS or the ROD issued thereon constitute the 'final agency action' for purposes of the APA.")

### 1. The FEIS constitutes final agency action and Plaintiffs may seek relief pursuant to the Administrative Procedures Act

Nexus spends a considerable portion of its brief arguing that an FEIS does not constitute final agency action; that the Complaint lacks ripeness or that Plaintiffs have not exhausted their administrative remedies. However, it neglects to address Sixth Circuit precedent which is controlling on this point. In the case of *Southwest Williamson County Community Ass'n, Inc. v. Slater*, 173 F.3d 1033 (1999) the Sixth Circuit addressed this precise issue. In *Slater*, a community organization brought action pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*("APA"), against federal officials to block construction of a road pending compliance with federal and state environmental laws. The organization filed a motion for preliminary injunction and defendants filed a motion to dismiss. The district court dismissed the case on statute of limitation grounds. *Id*. at 1035. Initially the Sixth Circuit determined that although NEPA did not authorize a private right of action, Plaintiffs were entitled to bring an action against a Federal Agency under the APA. *Id*. at 1036. ("[A] person 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action' can bring suit under the APA. 5 U.S.C. § 702.)

Having determined that the Plaintiffs could maintain an action against the agency, the Sixth Circuit next determined when the cause of action accrued, stating that Plaintiffs have six years from the date of "final agency action" to bring suit. The Court followed the holding of a previous case and determined that the issuance of an FEIS constituted final agency action. *Ibid*; *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)("Although this court has never addressed the question, it appears well-established **that a final EIS or the ROD issued thereon constitute the 'final agency action' for purposes of the APA.**"(emphasis added) Thus, Sixth Circuit precedent expressly refutes Nexus' contention that: "The FEIS does not represent final

action taken by the Commission" or that allegations are not ripe for this Court to consider. Page 4 of Motion.

The APA grants a cause of action to individuals harmed by agency action. 5 U.S.C. § 702. In reviewing agency action, this Court must "hold unlawful and set aside <u>agency action, findings, and conclusions</u> found to be-- . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (emphasis added). However, the APA does not provide a cause of action if "statutes preclude judicial review; or. . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)(2). As to the second prong of this test, the FERC does not have discretion in determining whether an export pipeline application should proceed under Section 3 of the NGA or not. This statute contains a directive: "no person shall export any natural gas from the United States to a foreign country or import any natural gas from a foreign country without first having secured an order of the Commission authorizing it to do so." 15 U.S.C. § 717b(a) (2012). FERC has no discretion to ignore this provision. A Presidential permit is also required. The Congressional Research Service in 2013 wrote:

> "FERC regulations governing authorization of facilities to construct, operate, or modify natural gas import/export facilities are set forth at 18 C.F.R. Part 153. Applications for Presidential Permits are subject to these regulatory requirements. 18 C.F.R. § 153.5 articulates "who should apply" for such FERC authorizations. **The regulation provides that any person proposing to site, construct, or operate natural gas import or export facilities or to "amend an existing Commission authorization, including the modification of existing authorized facilities," must apply for a permit**."

(emphasis added) Page 4, 7-5700, www.crs.gov, R43261, October 29, 2013.

As to the first exception under 5 U.S.C. § 701(a)(1), the NGA does not preclude judicial review. "[Judicial review under the APA] shall not be deemed foreclosed unless Congress has forbidden review in unmistakable terms." *Sierra Club v. Peterson*, 705 F.2d 1475, 1478–79 (9th Cir. 1983) quoting *County of Alameda v. Weinberger,* 520 F.2d 344, 348 (9th Cir.1975).

Congress has not limited the Plaintiffs to file only under 717r, but rather has also provided exclusive jurisdiction under 717u to enjoin FERC or Nexus for failing to comply with the NGA or acting ultra vires and exceeding its authority granted by Congress.

### 2. Section 717u grants exclusive jurisdiction to this Court

The Natural Gas Act contains two grants of jurisdiction: orders of the Commission are to be reviewed by the Circuit Court of Appeals; violations of the NGA or the rules and regulations thereunder are to be heard by the district court. *Nat. Gas Pipeline Co. of Am. v. Fed. Power Comm'n*, 128 F.2d 481, 487 (7th Cir. 1942) ("we find here provision for separate, exclusive jurisdictions of the District Court and of the Circuit Court of Appeals. In each instance, it should be noted that the jurisdiction conferred is exclusive.")

Plaintiffs' Complaint states a cause of action under 15 U.S.C. § 717u. This section states in relevant part:

> The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have **exclusive jurisdiction** of violations of this chapter or the rules, regulations, and orders thereunder, and **of all suits in equity** and actions at law brought to enforce any liability or duty created by, or **to enjoin any violation of, this chapter or any** rule, **regulation**, or order thereunder. . . . Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder may be brought in any such district or in the district wherein the defendant is an inhabitant, and process in such cases may be served wherever the defendant may be found.

15 U.S.C.A. § 717u (West)(emphasis added). Although 717u does not create a private right of action, if Plaintiffs have a cause of action for a violation of the NGA, this Court is granted exclusive jurisdiction to hear such action. See *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 591 (6th Cir. 2013) citing *Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle County,* 366 U.S. 656, 662–64, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

7

In this case, Plaintiffs have two means to bring their cause of action under Section 717u to contest FERC's violation of the NGA. First, as discussed above, the FEIS represents final agency action and the APA permits Plaintiffs to bring a cause of action to contest the FEIS and its findings. Pursuant to Section 706 of the APA, this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be. . . otherwise not in accordance with law . . . [or] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." FERC has proceeded under the incorrect statutory provision (Section 7) and has issued an FEIS that will permit Nexus to hold eminent domain powers which Congress did not intend for it to have. It has also illegally delegated its authority to PHMSA, a non-cooperating agency.

The FEIS concludes that Nexus may be issued a Certificate under Section 7 of the NGA provided that certain mitigation measures are implemented. FEIS at ES 19. This conclusion is erroneous and contrary to law. Section 717f, only applies to "natural gas companies" which the Act defines as "a person engaged in the transportation of natural gas in interstate commerce." Section 3 applies to export pipeline. The difference is material—Section 7 allows Nexus to avail itself of eminent domain, Section 3 does not. As set forth in 15 U.S.C. § 717u, this Court has "exclusive jurisdiction" to determine whether the FEIS violates Section 3 and 7 of the Natural Gas Act and enjoin the illegal FEIS, which recommends approval.

Additionally, the National Environmental Policy Act mandates that FERC issues an FEIS which analyzes the pipeline construction's impact on, among other things, the quality of the human environment. FERC does not have the discretion to ignore NEPA's mandate.

Defendants repeatedly and mistakenly cite 15 U.S.C. § 717r for the proposition that the Court of Appeals holds exclusive jurisdiction despite no certificate being issued. This assertion is incorrect and misleading. Section 717r provides that a party may file a petition with the Court

of Appeals contesting an "<u>order</u>" of the commission and that upon the filing of such petition the Court of Appeals will have exclusive jurisdiction to "to affirm, modify, or set aside such order in whole or in part." A typical case involves a petition to rehear or review the issuance of a certificate of public convenience and necessity. See *Am. Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010)(" The Natural Gas Act sets forth a highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline. A party aggrieved by such an <u>order</u> may apply for rehearing before FERC.")(emphasis added); *NO Gas Pipeline v. F.E.R.C.,* 756 F.3d 764, 769 (D.C. Cir. 2014) ("The precise direct-review statute at issue in this case allows a party aggrieved by a FERC order issued under the Natural Gas Act to 'obtain a review of such *order.*'")(emphasis in original). Nearly all of Nexus' cases cited in support of its contention arise solely in that context.

While 717r contains the procedure to review FERC "orders," the APA and Section 717u provides a vehicle to review "agency action." In this case no Certificate has been entered. There is no "order" to appeal. However, the agency has taken final agency action with respect to the FEIS, which will, absent relief from this Court, cause direct and irreparable harm to Plaintiffs. This "agency action" is reviewable under the APA and Section 717u gives this Court the "exclusive jurisdiction" to hear violations of the NGA, i.e. recommending approval of an export pipeline under Section 7 instead of Section 3, which authorizes use of eminent domain, and the delegating of all safety issues to another agency in violation of its enabling statute and federal regulations.

Nexus states that all courts considering the issue have found that district courts lack jurisdiction. The problem with this argument is that no court has previously considered the issues presented in this case. The NGA is not a special Act. It is subject to the same laws that

9

govern jurisdiction in any matter, including the APA. No court has considered the causes of action Plaintiffs seek to bring in this case with respect to the NGA. However, as set forth above, the Sixth Circuit has considered a challenge to an FEIS and found that jurisdiction will lie for such a challenge.

Nexus argues that Section 717u will not permit this Court to have jurisdiction in this matter; and incorrectly cites cases suggesting that 717u is limited to enforcement of orders despite its express language. Nexus, however, fails to cite recent Supreme Court precedent interpreting a provision substantively identical to Section 717u.

In *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1566 (2016), the Supreme Court addressed the scope of 15 U.S.C. § 78aa(a) which provides:

> "The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

The Court noted that "Much the same wording appears in nine other federal jurisdictional provisions," including the NGA. *Id*. at 1568. The Supreme Court parsed the language of this section and concluded as follows: "Brought" in this context means "commenced," "to" is a word "expressing purpose [or] consequence," and "enforce" means "give force [or] effect to," So § 27 confers federal jurisdiction when an action is commenced in order to give effect to an Exchange Act requirement. *Id*. The Supreme Court expressly rejected the argument that, to fall within the statute, a claim had to be "created" by the Act. *Id*. at 1569. Rather, the Court held that "arising under" in Section 78aa held the same meaning as "arising under" as used in 28 U.S.C. § 1331.

10

Here, there can be no doubt that Plaintiffs' claim that Nexus and FERC are proceeding under the incorrect NGA statute "arises under" the NGA. It is founded upon the express provisions of the NGA itself and would not exist but for the NGA.

Nexus cites *Town of Dedham v. Fed. Energy Regulatory Comm'n*, No. CV 15-12352-GAO, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015) for the proposition that "§ 717u is simply an enforcement provision, not an open-ended grant of jurisdiction to the district courts." This contention is plainly at odds with the Supreme Court's pronouncement that the language in Section 717u does not require a claim to be created by the Act in order for a district court to have jurisdiction. The court in *Dedham* is simply incorrect and ignored the express language.

Nexus also cites *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583 (6th Cir. 2013) for the proposition that section 717u does not create a cause of action. Again, this is an attempt to confuse the issues. *Singh* involved a post-certificate easement dispute between a pipeline operator and a property owner. The court stated that no private right of action existed for disputes not involving violations of the NGA; rather these disputes were in the nature of state-law property claims. Contrary to the parties in Singh, Plaintiffs' causes of action arise under the Constitution, the APA, and the NGA. Section 717u grants jurisdiction to this Court to hear those actions; to ignore the express language of the statute tortures Congressional intent.

FERC has failed to comply with applicable statutes and procedures which are condition precedents to the issuance of a Certificate. Nonetheless, FERC is poised to issue such a Certificate unless enjoined by this Court. In such a case, the APA and 717u grant this Court "exclusive jurisdiction" to hear Plaintiffs' claims and require FERC to comply with federal law.

3.  **Plaintiffs have standing to bring this action**

Nexus argues that Plaintiffs' injuries are too speculative to confer standing upon them; that the case is not ripe for review. The law does not require someone to wait until the pipeline is in the ground to bring suit.

If injury is imminent, a plaintiff has standing to sue. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016). Where a plaintiff seeks to establish standing based on an imminent injury, the Supreme Court has stated that a "substantial risk" that harm will occur will suffice to provide standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 at n. 5 (2013)("Our cases do not uniformly require plaintiffs to demonstrate that it is literally certain that the harms they identify will come about. In some instances, we have found standing based on a "substantial risk" that the harm will occur, which may prompt plaintiffs to reasonably incur costs to mitigate or avoid that harm."); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010)(finding that establishing a **reasonable probability** of injury satisfied the injury in fact prong of the standing test)(emphasis added).

In this case, Plaintiffs have alleged facts demonstrating a substantial risk that harm that will befall them absent this action. Neither the Federal Defendants nor Nexus deny that almost every application for a certificate is granted triggering the right of eminent domain.[1] FERC procedures fail to provide any adequate remedy to have the FEIS reviewed and vacated; only the APA adequately provides for such a remedy. Plaintiffs' Complaint fully addresses FERC's procedural abuses of granting every certificate and tolling the Motions for Rehearing until after the pipelines are fully constructed, leaving little for the appellate courts to address. In Summit County alone, there are approximately 2500 structures within the impact radius or blast zone of

---

[1] Only two FERC pipeline projects have been denied in thirty years according to NPR news. http://www.npr.org/2017/07/17/536708576/natural-gas-building-boom-fuels-climate-worries-enrages-landowners

the Nexus pipeline as recommended for approval by FERC in its FEIS. The vast majority of these structures are residences, apartment buildings, a school and a church.

FERC has illegally and recklessly delegated all safety issues to PHMSA, which cannot consider the siting of the pipeline pursuant to federal regulations leaving no one to consider safety aspects. The fact that a Certificate has yet to issue is a formality. Absent action from this Court it will issue and the pipeline will be installed without having undergone proper analysis and recognition of Plaintiffs rights.

Nearly all of the cases cited by Nexus acknowledge that disputes before FERC may be ripe if the agency action imposes "hardships" or that the agency action cannot be "altered by subsequent administrative action." *Nexus Motion to Dismiss, p. 11*. Nexus claims that "numerous details associated with the Project have yet to be established" but fails to explain how these issues would be raised short of a rehearing after the certificate is issued (then the rehearing is tolled against aggrieved parties) and eminent domain is conferred to Nexus. FERC regulations do not provide for a rehearing of the FEIS. No prudential limitations exist after "final agency action" was rendered on the EIS.

Nexus cites to a recent decision *Pub. Citizen Inc. v. FER*, 839 F.3d 1165, 1171 n. 4 (D.C. Cir. 2016) suggesting that prudential limitations or "final agency action" is lacking. However, the U.S. Supreme Court dictates otherwise. In *Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281, 65 U.S.L.W. 4201 (1997), the Supreme Court reversed the Ninth District in favor of finding that "citizens standing" existed in a case challenging an ESA biological opinion under the APA. The court held:

> [T]he Biological Opinion constitutes final agency action for APA purposes. It marks the consummation of the agency's decision making process. It is also an action from which "legal consequences will flow," because the Biological Opinion and accompanying Incidental Take Statement alter the legal regime to

13

> which the Bureau is subject, authorizing it to take the endangered species if (but only if) it complies with the prescribed conditions.

*Id.* at syllabus (internal citations omitted).

In this case, most of the issues raised in the Complaint were raised in the administrative proceedings during the last two years, but FERC abjectly ignored, and not even discussed many of the issues outlined in the Complaint as required by NEPA. Property owners and local community zoning and safety standards were simply ignored and only minor adjustments to the route have been made. Similar to the *Bennett* case, the FEIS is a "final" determination by FERC staff with a set of recommendations and conditions to be approved by the Commission. It marks the consummation of the decision-making process from which legal consequences will flow. Moreover, FERC could not possibly consider modifying or denying the proposed route without proper procedures being employed and a robust disclosure of information being revealed in the "final" EIS, but that has not been done in this case. NEPA has not been complied with, safety issues have been ignored, and Section 3 of the NGA and certain federal regulations have not been complied with. Therefore, it is unlikely in the extreme that the Commissioners will do anything other than what has been inaccurately supplied in the FEIS and follow the flawed recommendations made by the staff.

Lastly, Nexus suggests that "Plaintiffs are unable to establish that they are currently aggrieved or would be aggrieved by any future Commission order." Plaintiffs do not allege "citizen" standing but actual standing because they are within the path of the Project. About half of the Plaintiffs are subject to a taking and eminent domain while the other half are within the "high consequence" or "blast zone" area of the proposed location. Plaintiffs are therefore within the area of potential physical harm should an accident occur. Additionally, many Plaintiffs will have their properties appropriated by a foreign company for a private export use. Should the

certificate issue, which is the final and, history shows, inevitable stage of the process, Plaintiffs harms become real and irreparable.

### 4. The APA provides for immediate review of the "final" EIS

Nexus complains that Plaintiffs have failed to exhaust administrative remedies and that Plaintiffs have "jumped the gun." However, the EIS is marked "final." FERC procedures outline that no further action is necessary by FERC but for issuance of the Certificate. Exhibit 2 of Complaint; 18 CFR 157.6(d)(3)(ii). The FEIS violated NEPA by providing "no look" on many critical issues. The FEIS is not an "order" but constitutes final administrative action pursuant to the APA. 5 U.S.C. § 702. The district court has exclusive jurisdiction under Section 717u of the NGA to enjoin FERC and to set aside agency action found to be arbitrary and capricious. 5 U.S.C. § 706. FERC has failed to require a Section 3 export application and is not complying with federal laws and regulations. 15 U.S.C. § 717b(a) (2012); 18 C.F.R § 153.5.

Nexus suggests that Plaintiffs should file for an administrative stay with FERC; however, Section 717u of the NGA vests exclusive jurisdiction for violations of the Act with the district court and provides for injunctive relief. The district court is in the best position to objectively determine whether FERC has violated NEPA, the NGA, and can protect Plaintiffs Constitutional rights from violations. Plaintiffs have previously raised many of the same issues in the Complaint with FERC as part of the application/certificate process and FERC simply does not acknowledge that the issues exist or are entitled to any consideration.

### B. Plaintiffs state a claim against Nexus

Nexus claims that Plaintiffs have failed to allege a claim against Nexus for which relief can be granted. The claim against Nexus is quite simple and fully alleged in the fifty-page Complaint with thirteen major exhibits. Nexus admittedly has not filed a Section 3 application

or export authorization; it is not contained in Exhibit 1 to the Complaint, the FEIS. Nexus contends that it is not an export pipeline and is only engaging in interstate commerce, but admits on Page 5 of the Motion that a significant amount of the gas is destined for "Canada markets." It cannot explain the failure to apply for export authorization. It is engaging in a process designed to appropriate Plaintiffs' property for an export pipeline without a public use or without utilizing proper procedures. This process is illegal. Additionally, FERC has not issued a certificate, and under current case law, Nexus may not engage in acquiring property to construct the Project and has "jumped the gun."[2] Nexus continues to harass Plaintiffs to sign easements.

In conclusion, for the reasons set forth above, Plaintiffs Motion to Dismiss is without merit and must be denied.

/s/ David A. Mucklow
David A. Mucklow, #0072875
Attorney for Plaintiffs
919 E. Turkeyfoot Lake Rd, Suite B
Akron, Ohio 44312
Phone: (330) 896-8190
Fax:    (330) 896-8201
davidamucklow@yahoo.com

/s/ Aaron Ridenbaugh
Aaron Ridenbaugh, #0076823
Attorney for Plaintiffs
Gibson & Moran, LLC
234 Portage Trail
Cuyahoga Falls, Ohio 44221
Phone: (330) 929-0507
Fax: (330) 929-6605
aaron@gibsonmoran.com

---

[22]*Pacific Gas Transmission Co. v. Richard's Recreational Ranch Ltd*., 9 F.3d 1394 (9th Cir. 1993); *Natural Gas Pipeline Company v. FE*RC, 765 F.2d 1155 at Footnote 14: "natural-gas company[ies] and person[s] which will be a natural gas company upon completion of any proposed construction or extension may not engage in the transportation or sale of natural gas subject to the Commission's jurisdiction, undertake construction of facilities for those facilities, **or acquire** or operate any such facilities, without a certificate of public convenience and necessity from the Commission." (D.C. Cir.,1985)(emphasis added).

/s/ Kevin J. Breen
Kevin J. Breen, #0034670
Kevin J. Breen Co., LLC
3500 West Market Street, Suite 4
Fairlawn, Ohio 44333
Phone: (330) 666-3600
Fax: (330) 670-6556
kevin.j.breen@gmail.com

## CERTIFICATE OF SERVICE

I, David Mucklow, hereby certify that a true copy of the foregoing document was filed with the Clerk of Courts using the ECF system, which will send notification of such filing to all attorneys of record on this 19th day of July, 2017.

/s/ David A. Mucklow
DAVID A. MUCKLOW (#0072875)

Table of Authority

*Am. Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010)……………9
*Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281, 65 U.S.L.W. 4201 (1997)...13
*Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 591 (6th Cir. 2013)………………7,11
*County of Alameda v. Weinberger,* 520 F.2d 344, 348 (9th Cir.1975)……………………………...6
*Merrill Lynch, Pierce, Fenner& Smith Inc. v. Manning*, 136 S. Ct. 1562, 1566 (2016)………...10
*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010)……………………………...12
*Nat. Gas Pipeline Co. of Am. v. Fed. Power Comm'n*, 128 F.2d 481, 487 (7th Cir. 1942)……….7
*Natural Gas Pipeline Company v. FE*RC, 765 F.2d 1155 at Footnote 14……………………....16
*NO Gas Pipeline v. F.E.R.C.,* 756 F.3d 764, 769 (D.C. Cir. 2014)……………………………….9
*Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle County,* 366 U.S. 656, 662–64, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961)……………………………………………….7
*Pacific Gas Transmission Co. v. Richard's Recreational Ranch Ltd*., 9 F.3d 1394 (9th Cir. 1993)……………………………………………………………………………………………16
*Pub. Citizen Inc. v. FER*, 839 F.3d 1165, 1171 n. 4 (D.C. Cir. 2016)……………….……………13
*Sierra Club v. Peterson*, 705 F.2d 1475, 1478–79 (9th Cir. 1983)………………………………..6
*Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)…………………………………………5
*Southwest Williamson County Community Ass'n, Inc. v. Slater*, 173 F.3d 1033 (1999)……..........5
*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), <u>as revised</u> (May 24, 2016)…………..…11
*Town of Dedham v. Fed. Energy Regulatory Comm'n*, No. CV 15-12352-GAO, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015)……………………………………………………….11

Section 7(c) of the Natural Gas Act (NGA)……………………………………………………….2
42 U.S.C. § 7171 (g)……………………………………………………………………………...3
Section 717r NGA……………………………………………………………………….……4,7,8
Section 717u NGA..…………………………………………………………………..4,7,8,9,10,11
5 U.S.C. § 701 *et seq*.("APA")………………………………………………………..…………..5
5 U.S.C. § 701(a)(1)(2)…………………………………………………………………………..6
5 U.S.C. § 702……………………………………………………………………………….…5,6
5 U.S.C. § 706……………………………………………………………………………….…6,8
15 U.S.C. § 717b(a) (2012)…………………………………………………………………….6,15
28 U.S.C. § 1331…………………………………………………………………………………10
18 C.F.R § 153.5…………………………………………………………………………………15
18 CFR 157.6(d)(3)(ii)……………………..……………………………………………………15