UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA D. URBAN, et al., | ) | CASE NO. 5:17-cv-01005 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| FEDERAL ENERGY REGULATORY | ) | |
| COMMISSION, et al., | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

### I.  Introduction

Plaintiffs are property owners who allege that they will be adversely affected by a natural gas pipeline that Defendant Nexus Gas Transmission, LLC ("Nexus") proposes to build.[1] On May 12, 2017, they filed a Motion for Preliminary Injunction asking this Court to enjoin Defendant Federal Energy Regulatory Commission ("FERC" or "Commission")[2] from issuing a Certificate of Public Convenience and Necessity that would permit Nexus to build the pipeline. Doc. 6 ("Plaintiffs' Motion").  FERC and Nexus have filed Oppositions to Plaintiffs' Motion (Docs. 25 and 26) and Plaintiffs have filed Replies (Docs. 30 and 31).  Defendants have also filed Motions to Dismiss (Docs. 24 and 28) ("Defendants' Motions"), which they incorporate by reference in their Oppositions to Plaintiffs' Motion and in which they argue that this Court lacks subject matter jurisdiction to hear Plaintiffs' claims.

---

[1] See Complaint, Doc. 1, p. 37, ¶ 82.

[2] A FERC Commissioner is also named as a Defendant.

On July 14, 2017, the Court referred Plaintiffs' Motion to the undersigned for a hearing, if necessary,[3] and for a Report and Recommendation. Doc. 32. The Court did not refer Defendants' Motions. However, because Defendants' Motions are incorporated by reference in the briefing on Plaintiffs' Motion and because it is necessary to a ruling on Plaintiffs' Motion to determine whether Plaintiffs are likely to prevail on the merits, which includes establishing that the Court has jurisdiction, the undersigned has reviewed and considered all parties' briefing on Defendants' Motions. That briefing was completed on August 2, 2017, with Nexus' filing of its Reply. Doc. 38.

There appears to be no dispute between the parties that, if and when FERC issues a Certificate of Convenience and Necessity ("Certificate"), exclusive judicial jurisdiction to review that decision will reside in the appropriate federal court of appeals and no district court would have jurisdiction.[4] Briefly stated, the threshold issue here is whether the fact that FERC has not yet acted on Nexus' application provides a jurisdictional window of opportunity that allows Plaintiffs to launch a preemptive strike in this Court to prevent FERC from acting. Only one case cited by the parties has addressed that issue, concluding that a district court lacks jurisdiction of such an action. For the reasons set forth below, the undersigned concludes that this Court lacks subject matter jurisdiction of Plaintiffs' claims seeking injunctive relief against FERC and therefore recommends that Plaintiffs' Motion for Preliminary Injunction be DENIED.

---

[3] In a conference call with the undersigned, counsel for all parties indicated that a hearing is not necessary.

[4] In their Reply to FERC's Opposition, Plaintiffs expressed concern that FERC would soon issue a Certificate, thereby mooting Plaintiffs' Motion. Doc. 30, p. 1.

## II. Background

FERC is an independent regulatory commission within the Department of Energy and is composed of five members appointed by the President, by and with the advice and consent of the Senate.[5] 42 U.S.C. § 7171(a)-(b). Included within its functions is the "issuance of a certificate of public convenience and necessity . . . under section 7 of the Natural Gas Act [15 U.S.C.A. § 717f][.]" 42 U.S.C. § 7172(a)(1)(D).

On November 20, 2015, Nexus filed with FERC its application for a Certificate pursuant to Section 7(c) of the Natural Gas Act ("NGA") seeking authorization to construct, own, and operate a new natural gas pipeline and expand an existing pipeline system from the Appalachian Basin to deliver natural gas to consuming markets in Ohio, Michigan, and Ontario, Canada.[6] Doc. 1, p. 5, ¶¶ 1-2, Doc. 3-1, pp. 1, 24.

On July 8, 2016, environmental staff of FERC's Office of Energy Projects[7] ("FERC staff") issued a draft Environmental Impact Statement ("EIS"). Doc. 1, p. 7, ¶ 7, Doc. 3-1, p. 26. Thereafter, FERC conducted public comment meetings for the purpose of allowing agencies, stakeholders, and the general public an opportunity to provide public comments on the draft EIS. Doc. 3-1, p. 26. On or about November 30, 2016, FERC staff issued a Final EIS ("FEIS"). Doc. 1, p. 7, ¶ 7. As set forth in the FEIS, the FEIS was prepared "to assess the environmental impacts associated with construction and operation of the Projects as required under the National

---

[5] "[A] quorum for the transaction of business shall consist of at least three members present." 42 U.S.C. § 7171(e).

[6] Other entities filed related applications with FERC but those entities are not parties to this action. Doc. 1, ¶¶ 3-6.

[7] Doc. 3-1, p. 24, n. 2.

Environmental Policy Act of 1969 (NEPA)[.]"[8] Doc. 3-1, p. 24. Further, the purpose of the FEIS "is to inform FERC decision-makers, the public, and the permitting agencies about the potential adverse and beneficial environmental impacts of the Projects, as well as alternatives, and recommend mitigation measures that would reduce adverse impacts to the extent practicable." Doc. 3-1, p. 24. In accordance with this stated purpose, FERC staff "evaluated 15 major route alternatives to the proposed pipeline route, which include[d] three versions of the City of Green Route Alternative" and the FEIS contains recommendations for "mitigation measures to be attached as conditions to any authorization issued by the Commission." Doc. 1, p. 7, ¶ 7, Doc. 3-1, pp. 40, 516.

### III. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary and drastic remedy, one that should only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]" *Southern Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Company*, 860 F.3d 844, 849 (6th Cir. 2017) (citing and relying on *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008))(internal quotations omitted).

When presented with a request to issue a preliminary injunction, courts consider the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Id.* (internal citations omitted). The foregoing factors

---

[8] "Section 102(2)(C) of NEPA requires that federal agencies prepare a detailed EIS for every 'major Federal action[] significantly affecting the quality of the human environment.'" *Sierra Club v. Slater*, 120 F.3d 623, 630 (6 th Cir. 1997) (citing 42 U.S.C. § 4332(2)(C)) (alterations in original).

are to be balanced rather than considered prerequisites. *Id.* Nevertheless, the Sixth Circuit has held that "[a] preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed[.]" *Id.* (quoting *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010) (bracketing in original); *see also McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1993) (overruling the district court's balancing of the preliminary injunction factors where the plaintiff had no possibility of success on the merits of the claims).

## IV. Parties' Arguments

Both Defendants argue that Plaintiffs' request for a preliminary injunction fails because the Court lacks subject matter jurisdiction of Plaintiffs' claims and, therefore, Plaintiffs have no likelihood of success on the merits. More particularly, Defendants contend that, pursuant to the NGA, specifically, 15 U.S.C. § 717r, final FERC action concerning applications for Certificates of Public Convenience and Necessity is subject to mandatory administrative review procedures followed by exclusive jurisdiction in the federal court of appeals. Doc. 24, pp. 15-20, Doc. 25, p. 2, Doc. 28, pp. 14-17, Doc. 29, pp. 1-2.

Plaintiffs counter Defendants' jurisdictional argument, asserting that the exclusive jurisdiction provisions in 15 U.S.C. § 717r are not applicable to this case because FERC has not yet issued a Certificate. They assert a number of different theories under which this Court should find that it has jurisdiction to hear their claims. They contend that the Court has jurisdiction to hear their claim that the FEIS should be set aside under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, ("APA") because the FEIS constitutes final agency action. Doc. 30, pp. 2-7, Doc. 31, p. 2, Doc. 33, pp. 5-11, Doc. 34, pp. 5-7. Plaintiffs also contend that the Court has jurisdiction under the NGA, specifically under 15 U.S.C. § 717u, to determine whether FERC is allowing Nexus to proceed with its application under an incorrect statute, i.e.,

5

whether the Nexus pipeline is an export pipeline and therefore required to proceed under Section 3 of the NGA rather than under Section 7. Doc. 30, pp. 7-10, Doc. 31, p. 2, Doc. 33, pp. 11-13, Doc. 34, pp. 11-18.[9] Finally, Plaintiffs argue that the Court has jurisdiction on a non-statutory basis for two reasons: (1) FERC acted *ultra vires* by delegating safety issues to another federal agency when preparing the final FEIS; and (2) FERC is not authorized to issue a certificate under Section 7 for an export pipeline. Doc. 30, pp. 10-11, Doc. 33, pp. 13-14.

## V. Law & Analysis

For the reasons discussed more fully herein, the undersigned concludes that this Court lacks subject matter jurisdiction of Plaintiffs' claims. Therefore, the undersigned recommends that the Court DENY Plaintiffs' request for a preliminary injunction.

**A.    The Court lacks jurisdiction to hear Plaintiffs' claims seeking an injunction against FERC because 15 U.S.C. § 717r vests exclusive jurisdiction in the circuit court of appeals to review FERC orders**

The Sixth Circuit has stated, "The Natural Gas Act sets forth a highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline." *American Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010). That procedure is set forth in 15 U.S.C. § 717r, which provides that "[a]ny person . . . aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person . . . is a party may apply for rehearing within thirty days after issuance of such order." 15 U.S.C. § 717r(a). After the administrative rehearing,

> Any party. . . aggrieved by an order issued by the Commission . . . may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court within sixty days after the order of the

---

[9] Plaintiffs assert that allowing Nexus to proceed under the wrong statute directly and adversely affects them because, under Section 7, Nexus will be able to use eminent domain to acquire an interest in Plaintiffs' property, whereas, under Section 3, Nexus would not have that ability. Doc. 31, p. 12, Doc. 33, p. 13, Doc. 34, p. 9.

6

> Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. . . . Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be <u>exclusive</u>, to affirm, modify, or set aside such order in whole or part.

15 U.S.C. § 717r(b) (emphasis supplied).

In *American Energy*, the Sixth Circuit discussed these statutory provisions and then stated, "Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state or federal district court." 622 F.3d at 605.

Similarly, when addressing a challenge to a district court's exercise of jurisdiction in a matter involving FERC proceedings, the Tenth Circuit stated that 15 U.S.C. § 717r(b) "vests exclusive jurisdiction to review all decisions of the Commission in the circuit court of appeals . . . there is no area of review, whether relating to final or preliminary orders, available in the district court." *Consolidated Gas Supply Corp v. Federal Energy Regulatory Commission*, 611 F.2d 951, 957 (10th Cir. 1979) (internal citations omitted). Also, when discussing §19(b) of the NGA, 15 U.S.C. § 717r(b), in a later case, the Tenth Circuit found that "the special judicial review provisions of § 19 . . . establish an exclusive scheme of review." *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 260-261 (10th Cir. 1989) (relying on cases interpreting judicial review provisions nearly identical to those in § 19) (internal citations omitted). The court in *Williams* proceeded to find "nothing in the substantive character of [the] challenges to the FERC order that would exempt those arguments from the statutory appellate scheme." *Id.* at 262. In reaching its conclusion, the Tenth Circuit relied upon the Supreme Court's reading of a similar judicial review provision found in the Federal Power Act ("FPA"), § 313(b), 16 U.S.C. § 825*l*. The Supreme Court read that provision of the FPA to "necessarily

7

preclude [ ] *de novo* litigation between the parties of *all issues inhering in the controversy*." *Id.* at 261-262 (relying on *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)) (alterations in original).

The Court in *Williams* noted that "[l]inguistically, the language of § 19(b) providing for exclusive jurisdiction 'upon the filing of such petition' with the court of appeals might permit a separate action if a . . . court reviews an agency order before a petition for review can be filed, or if a petition is never filed." *Id.* at 262, n. 8. But, the court went on to note that "to allow parties to circumvent the scheme of judicial review under § 19 simply by choosing not to file a petition for review with FERC or the court of appeals would allow precisely the type of collateral challenge that *City of Tacoma* condemned and would defeat the 'exclusive' review provisions of § 19(b)." *Id.*

FERC has not yet issued an order granting a Certificate to Nexus and, thus, the procedural posture of this case is different than most cases that have weighed in on the exclusivity of the judicial review provisions of 15 U.S.C. § 717r. However, one court recently addressed the jurisdictional issue in a case procedurally similar to this one. Plaintiffs in *Lovelace v. United States*, No. 15-cv-30131-MAP (D. Mass. Feb. 18, 2016) (copy attached as an addendum to Nexus' Reply in Support of Motion to Dismiss (Doc. 38) had received notice that a proposed pipeline might cross their property. They sought injunctive relief declaring a portion of the Natural Gas Act unconstitutional and enjoining any federal agency from considering approval of the pipeline. The Massachusetts District Court dismissed the complaint, stating:

> It is well established that the Natural Gas Act 'forecloses judicial review of a FERC certificate in district court.' . . .[I]it is simply clear beyond dispute that the district court has no role in litigation of this kind. The exclusive jurisdiction of the Court of Appeals to consider objections to pipeline planning, approval, and construction processes would be entirely undermined if unhappy parties could come to district courts, seeking relief under the Fifth Amendment. Plaintiffs' arena to seek

8

>consideration for their claims is within the administrative process and, ultimately, with the Court of Appeals.

*Id.* (citations omitted).

It is clear that 15 U.S.C. § 717r provides an exclusive scheme for judicial review of FERC orders, namely, in the circuit court of appeals. As discussed below, the undersigned finds Plaintiffs' theories of jurisdiction unavailing in light of the exclusive statutory scheme for review of FERC orders. Should a Certificate issue, Plaintiffs may avail themselves of the review process afforded them under the NGA. At that time, Plaintiffs may raise the challenges that they raise here, provided of course that Plaintiffs first administratively exhaust those challenges through FERC's rehearing process.[10] *See e.g., National Committee for the New River Inc. v. FERC*, 373 F.3d 1323, 1324-1325, 1327, 1331 (D.C. Cir. 2004) (appellants sought review of FERC's orders approving an application for certificate of public convenience and necessity and, in conducting its review of those orders, the court of appeals considered arguments relating to, among other matters, the adequacy of the draft EIS and final EIS). Accordingly, the undersigned concludes that this Court lacks jurisdiction to hear Plaintiffs' claims, which are ultimately challenges that can and must be raised pursuant to 15 U.S.C. § 717r.

**B.     The APA and 15 U.S.C. § 717u do not confer jurisdiction on this Court of Plaintiffs' claims seeking to enjoin FERC**

Plaintiffs argue that FERC has not issued an "order" and therefore 15 U.S.C. § 717r's exclusive jurisdiction does not foreclose this Court from exercising jurisdiction. They further contend that this Court has jurisdiction to review the FEIS because the FEIS constitutes "final agency action" that is subject to review under the APA.

---

[10] Plaintiffs may also seek a stay from FERC and, if denied by FERC, from the court of appeals.

The APA provides for, and limits, judicial review. The APA allows an individual "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," to seek judicial review. 5 U.S.C. § 702. However, the APA expressly forbids judicial review in those instances where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). Further, judicial review is available only where "[a]gency action [is] made reviewable by statute" or constitutes "final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." *Id.*

1. **The FEIS does not constitute "final agency action" subject to review in this Court under the APA**

Plaintiffs argue that the FEIS constitutes "final agency action" and thus, jurisdiction lies in this Court under the APA. In *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997), the Supreme Court established a two-pronged test for determining whether an agency action is "final":

> First, the action must mark the 'consummation' of the agency's decisionmaking process - - it must not be of a merely tentative or interlocutory nature." *Id.* (internal citations omitted). "[S]econd, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow."

*Id.* (internal citations omitted).

Plaintiffs rely upon two Sixth Circuit cases, *Southwest Williamson Community Association, Inc. v. Slater*, 173 F.3d 1033 (6th Cir. 1999) ("*Southwest Williamson*") and *Sierra Club v. Slater*, 120 F.3d 623 (6th Cir. 1997) ("*Sierra Club*") to argue that "Sixth Circuit precedent expressly refutes Federal Defendants contentions that the APA does not confer jurisdiction and that the FEIS is not final agency action." Doc. 33, p. 10. Both cases were brought against the Federal Highway Administration ("FHWA") and state agencies by plaintiffs

10

seeking to enjoin highway projects due to alleged violations of NEPA. The question in both cases was whether the plaintiffs' claims were time-barred.

In both cases the Sixth Circuit explained that NEPA is a procedural statute that requires federal agencies to consider environmental consequences associated with "major Federal actions significantly affecting the quality of the human environment." *Sierra Club*, 120 F.3d at 630; *Southwest Williamson*, 173 F.3d at 1036 (citing 42 U.S.C. § 4332(C)).

In *Sierra Club*, the FHWA delegated the preparation of an EIS to a state agency but the FWHA itself approved the final EIS and the FHWA also issued a Record of Decision ("ROD") memorializing its approval of the final EIS. 120 F.3d at 628. The Sixth Circuit stated, "In determining whether a particular agency action is final, '[t]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" 120 F.3d at 631, quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).[11] The Court then determined that the FHWA's action approving the EIS was final agency action. *Sierra Club*, 120 F.3d at 631.

In *Southwest Williamson*, the FHWA had issued two Findings of No Significant Impact ("FONSIs") after receiving Environmental Assessments (preliminary assessments of a construction project) from a state agency. 173 F.3d at 1035. The FONSIs permitted the highway project to proceed without an Environmental Impact Statement ("EIS"). *Id.* The plaintiffs alleged violations of FHWA regulations that implement NEPA and violations of NEPA itself, asserting that an EIS should have been required. *Id.* at 1036. The district court had dismissed plaintiff's case based on statute of limitations grounds. *Id.* at 1034. The issue for the court of

---

[11] In *Franklin v. Massachusetts,* relied on by the Sixth Circuit in *Sierra Club*, the Supreme Court considered whether, under the statutory scheme at issue there, the agency's action was "final" or merely "tentative" or "the ruling of a subordinate official." 505 U.S.788, 796-799 (1992).

appeals was when the statute of limitations began to run. *Id.* at 1036. Relying on its prior decision in *Sierra Club*, the Sixth Circuit determined that the plaintiffs' claims were brought pursuant to the APA because NEPA does not authorize a private right of action but the APA allows individuals suffering from or adversely affected or aggrieved by agency action to seek judicial review. *Id.* at 1035. The court of appeals indicated that the statute of limitations for a suit under the APA is six years from the time the claim accrues, i.e., the time of "final agency action." *Id.* at 1036. The court concluded that the statute of limitations began to run when the FHWA issued the FONSIs because "[i]ssuance of a FONSI is final agency action and provides notice that FHWA has completed its evaluation of the environmental impact of the action in question." 173 F.3d at 1037.

Plaintiffs attempt to demonstrate similarities between this case and *Bennett, Southwest Williamson* and *Sierra Club*. Unlike the agency actions at issue in those cases, the FEIS in this case is only a recommendation of FERC's staff that is "of a merely tentative or interlocutory nature." *Bennett*, 520 U.S. at 178; *see also Franklin*, 505 U.S. at 796-799 ("An agency action is not final if it is only 'the ruling of a subordinate official,' or 'tentative.'"). The FEIS is not action taken by FERC itself and thus is not final agency action. The FEIS expressly indicates that it is only a "recommendation" by FERC's staff to the FERC Commission as to conditions that the staff believes should be included in any Certificate of Convenience and Necessity that the Commission may issue to Nexus. Doc. 3-1, p. 24 ("The purpose of this environmental impact statement (EIS) is to inform FERC decision-makers . . . and recommend mitigation measures . . ."); Doc. 3-1, p. 516 ("We therefore recommend that our mitigation measures be attached as conditions to any authorization issued by the Commission."). The Commission, not FERC staff, takes final agency action when it grants or denies an application for a Certificate of Public

12

Convenience and Necessity.  The Commission, in deciding whether to issue such certificate, may adopt, reject, or modify the conditions recommended by the FERC staff in the FEIS.  Thus, the FEIS itself is not the "'consummation' of the agency's decisionmaking process" or an action "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"  *Bennett v. Spear*, supra, 520 U.S. at 177-178.

There has been no final decisionmaking by FERC itself with respect to Nexus' application.   Clearly staff who prepared the FEIS are not themselves the decisionmakers.  As reflected in the FEIS, its purpose "is to inform FERC decision-makers . . ." Doc. 3-1, p. 24.

> 2. **This Court does not have jurisdiction under 15 U.S.C. § 717u of Plaintiffs' claims seeking to enjoin FERC**

Plaintiffs assert that 15 U.S.C. § 717u provides this Court with exclusive jurisdiction to hear their challenges to the FEIS issued by FERC staff as well as their attack on FERC's allowing Nexus to pursue its application under Section 7 as opposed to Section 3.

The statute on which Plaintiffs rely, 15 U.S.C. § 717u, states:

> The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder… . Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder may be brought in any such district or in the district wherein the defendant is an inhabitant . . . .

Plaintiffs argue that § 717u gives this Court exclusive jurisdiction to hear their claims that FERC has violated applicable statutes and procedures during the proceedings pertaining to Nexus' application.  The Massachusetts District Court rejected a similar argument in *Dedham v. FERC*, 2015 WL 4274884 (D. Mass. July 15, 2015).  FERC had issued a certificate authorizing construction of a gas pipeline that would run through the Town of Dedham.  *Id.* at * 1.  The town

13

sought a rehearing and a stay of construction of the pipeline. *Id.* FERC, over the town's objection and while the town's application for rehearing was pending, authorized the gas company to begin construction of a portion of the pipeline that would run through the town. *Id.* Concerned that the construction would effectively deny it any meaningful chance for reconsideration of FERC's order issuing the certificate, the town sought a preliminary injunction in federal district court to stay construction. *Id.* Dedham, like Plaintiffs here, argued that, while the district court did not have jurisdiction under § 717r, the district court had jurisdiction under § 717u. *Id.* at * 2. The district court rejected Dedham's argument finding that § 717u is "an enforcement provision, not an open-ended grant of jurisdiction to the district courts." *Id.* (internal citations omitted). Since Dedham was not seeking to enforce an order or rule of the Commission but rather was seeking to overturn an order of the FERC, i.e., FERC's order to allow construction to proceed, the court concluded that it lacked jurisdiction of the town's claims. *Id.* The court noted that, "[w]hile full review of the Commission's action [was] not yet available under § 717r pending the outcome of the reconsideration process, Dedham [was] not without an avenue to the immediate relief it [sought][,]" because Dedham could seek relief in the court of appeals under the All Writs Act. *Id.*

Plaintiffs argue that *Dedham* and other cases concluding that § 717u is an enforcement only statute are incorrect in light of the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith v. Manning*, 136 S.Ct. 1562 (2016). *Merrill Lynch* involved a dispute regarding whether a New Jersey state court or the New Jersey District Court had jurisdiction of claims regarding alleged manipulation of a stock's price via short sales. *Id.* To resolve the question as to which court had jurisdiction, the Supreme Court analyzed the meaning of a jurisdictional provision of the Securities Exchange Act worded similarly to § 717u. 136 S.Ct. at 1568, n. 3,

14

1571-1572. The Supreme Court concluded that the exclusive jurisdiction provision of the Securities Exchange Act provided "exclusive jurisdiction of the same class of cases as 'arise under' the Exchange Act for purposes of § 1331." *Id.* at 1575. Since the plaintiffs had asserted only state law claims, the Supreme Court concluded that remand of the case to the state court was proper. *Id.*

In reliance upon *Merrill Lynch*, Plaintiffs argue that this Court has jurisdiction under § 717u because their claims, i.e., that FERC violated the NGA, arise under federal law. However, unlike *Merrill Lynch*, the issue here is not whether a state or federal court has jurisdiction of Plaintiffs' claims. Moreover, *Merrill Lynch* did not address the issue of exclusive jurisdiction under § 717u or like statutes in relation to the exclusive jurisdiction provision of § 717r or like statutes. As discussed above, § 717r vests exclusive jurisdiction in the circuit court of appeals to review FERC orders. To read § 717u as granting exclusive jurisdiction of Plaintiffs' claims that FERC should not issue an order granting Nexus' application would be incompatible with NGA's statutory scheme for judicial review, which vests exclusive jurisdiction of claims pertaining to FERC orders with the circuit courts of appeal. In essence, reading § 717u as a grant of exclusive jurisdiction to challenge any action taken by FERC before it issues an order would permit a party to use a district court action as a preemptive strike against future action by FERC and would result in piecemeal litigation. A more appropriate reading of § 717u, which is not inconsistent with *Merrill Lynch*, is that § 717u vests jurisdiction in the district court over enforcement actions that arise under federal law, as opposed to enforcement actions that are premised on state law causes of action.

15

### C. There is no jurisdiction in this Court on a non-statutory basis

Plaintiffs also contend that this Court has jurisdiction on a non-statutory basis. Doc. 30, pp. 10-11, Doc. 33, pp. 13-14. They contend that this case presents an exception to the general rule that exclusive jurisdiction rests in the court of appeals. Doc. 30, p. 10, Doc. 33, p. 14 (relying on *Greater Detroit Res. Recovery Auth v. U.S. E.P.A.*, 916 F.2d 317, 323 (6th Cir. 1990).

The exception referred to by Plaintiffs is referred to in *Greater Detroit* as the *Leedom* exception, which states that "a litigant may bypass available administrative procedures where there is a readily observable usurpation of power not granted to the agency by Congress." *Greater Detroit*, 916 F.2d at 323 (discussing *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)). Thus, "in narrow circumstances some residuum of federal question subject matter jurisdiction may exist in the United States District Court, although apparently otherwise precluded by a comprehensive statutory review scheme." *Greater Detroit*, 916 F.2d at 313 (quoting *Louisville and Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1246 (6th Cir. 1983)). However, "[t]he *Leedom* exception is narrow, and is invoked only in exceptional circumstances." *Id.* This "jurisdiction exception to the exhaustion doctrine is not automatically invoked whenever a challenge to the scope of an agency's authority is raised." *Id.* (internal citations omitted). "In order to bring a case within the exception, it must be shown that the action of the agency was a patent violation of its authority or that there has been a manifest infringement of substantial rights irremediable by the statutorily prescribed method of review." *Id.*

Plaintiffs contend that their case falls within this narrow exception because FERC is proceeding in a manner not authorized by Congress in two ways: (1) by delegating all safety

16

regulation to another federal agency in violation of FERC's enabling statute and in violation of federal regulations; and (2) by allowing Nexus to apply for a Certificate under Section 7 rather than under Section 3, the latter being the section that Plaintiffs contend (and Defendants dispute) is the appropriate provision. Doc. 30, pp. 10-11.

FERC is charged with deciding whether the issuance of a Certificate of Public Convenience and Necessity for a natural gas pipeline is warranted. 41 U.S.C. § 7172, 15 U.S.C. § 717f. The Commission has been described as "the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted." *Federal Power Comm'n v. Trancontinental Gas Pipe Line Corp.*, 365 U.S. 1, 7 (1961).[12] "For the performance of that function the Commission has been entrusted with a wide range of discretionary authority." *Id.*; *see also Minisink Residents for Environmental Preservation and Safety v. F.E.R.C.*, 762 F.3d 97, 101 (D.C. Cir. 2014) (The NGA "vests FERC with broad authority to regulate the transportation and sale of natural gas in interstate commerce.").

In view of the authority vested in FERC with respect to Certificates for natural gas pipelines, the undersigned is not persuaded that there has been a "readily observable usurpation of power not granted to [FERC] by Congress" that places this case in the narrow set of exceptional cases that would permit the statutory scheme of judicial review of FERC orders to be bypassed. Further, as discussed above, should a Certificate issue, Plaintiffs may avail themselves of the review process afforded them under the NGA and raise the challenges to FERC's exercise of its authority that they seek to raise in this case.

---

[12] The Federal Power Commission was the party in the *Federal Power Comm'n* case. 42 U.S.C. § 7172 transferred functions from the Federal Power Commission to FERC.

### VI. Recommendation

For the reasons discussed herein, the undersigned recommends that the Court **DENY** Plaintiffs' Motion for Preliminary Injunction (Doc. 6).[13]

August 7, 2017

_____
Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[13] Only Plaintiffs' Motion for Preliminary Injunction seeking to enjoin action by FERC was referred to the undersigned. Accordingly, this recommendation applies only to that Motion.

18