UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Laura D. Urban, et al., | ) | CASE NO: 5:17CV1005 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Federal Energy Regulatory Commission of the United States of America, et al., | ) | |
| | ) | (Resolving Docs. 6, 24, 28, 47) |
| | ) | |
| Defendants. | ) | |

On July 14, 2017, this Court referred the Plaintiffs' motion for a preliminary injunction (Doc. 6) to Magistrate Judge Burke for a report and recommendation. On August 7, 2017, Magistrate Judge Burke issued a Report and Recommendation ("the Report") that this Court deny the motion for a preliminary injunction. Plaintiffs objected to the Report, and Defendants responded to those objections.[1] In analyzing the motion, Magistrate Judge Burke noted that it was necessary to also review the parties' arguments regarding dismissal when considering the request for injunctive relief. As such, the Report also contains an analysis that applies to the Federal Energy Regulatory Commission's ("FERC") motion to dismiss (Doc. 24) and Nexus Gas Transmission,

---

[1] The Court later allowed briefing on the impact of the issuance of the Certificate by FERC. Plaintiffs' motion to file their brief instanter (Doc. 47) is GRANTED.

LLC's ("Nexus") motion to dismiss. Doc. 28. Accordingly, the Court will resolve all three motions herein.

Plaintiffs are a group of property owners that assert that they will be negatively impacted by a natural gas pipeline that Nexus seeks to build. As such, they filed suit on May 12, 2017 and sought injunctive relief. In their request, Plaintiffs contend that there is error in the Final Environmental Impact Statement issued by FERC and that Nexus proceeded under the wrong section of the Natural Gas Act. The Report, however, does not reach the merits of these contentions. Instead, the Report concludes that this Court lacks subject matter jurisdiction over the complaint in its entirety.

Section 7 of the Natural Gas Act grants FERC the jurisdiction to approve or deny the construction of interstate natural-gas pipelines. *See* 15 U.S.C. § 717f. Before any such pipeline can be built, FERC must grant the developer a "certificate of public convenience and necessity," *id*. § 717f(c)(1)(A), also called a Section 7 certificate, upon a finding that the project will serve the public interest. *See id*. § 717f(e). FERC is also empowered to attach "reasonable terms and conditions" to the certificate, as necessary to protect the public. *Id*. A certificate holder has the ability to acquire necessary rights-of-way from unwilling landowners by eminent domain proceedings. *See id*. § 717f(h). Any party to a proceeding under the Act who is "aggrieved" by a FERC order may petition for review of that order in a Federal Circuit Court of Appeals, provided that they first seek rehearing before FERC. *Id*. § 717r(a)-(b).

The Sixth Circuit has described this process as follows:

> The Natural Gas Act sets forth a highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline. A party aggrieved by such an order may apply for rehearing before FERC. 15 U.S.C. § 717r(a). And no entity may seek judicial review

2

> of a FERC order unless it first sought rehearing from the agency. *Id*. Once FERC concludes the rehearing, the aggrieved party may petition for review either in the D.C. Circuit or in the circuit where the natural gas company is located or has its principal place of business[.] 15 U.S.C. § 717r(b); R.2 at 3 (the pipeline company is a Delaware LLC and has its principal place of business in Texas). The relevant court of appeals thereafter has 'exclusive' jurisdiction 'to affirm, modify, or set aside [FERC's] order in whole or in part.' 15 U.S.C. § 717r(b); *see also* 15 U.S.C. § 717r(d)(1). **Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court.**
>
> …
>
> Now that FERC has issued its final order and now that the coal companies have appealed that order to the D.C. Circuit, the matter lies within that court's exclusive jurisdiction. 15 U.S.C. § 717r; *see also Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989). The coal companies thus may not seek what amounts to a second round of collateral review of FERC's order here. *See Williams Natural Gas Co.*, 890 F.2d at 262.

*Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605-606 (6th Cir. 2010) (emphasis added). The Tenth Circuit stated that 15 U.S.C. § 717r(b) "vests exclusive jurisdiction to review all decisions of the Commission in the circuit court of appeals . . . there is no area of review, whether relating to final or preliminary orders, available in the district court." *Consolidated Gas Supply Corp v. Federal Energy Regulatory Commission*, 611 F.2d 951, 957 (10th Cir. 1979) (internal citations omitted).

Plaintiffs herein seek to avoid the conclusion that appears compelled by the reasoning expressed by the Sixth Circuit. Specifically, Plaintiffs contends that this litigation was filed prior to the issuance of a Certificate and that 15 U.S.C. § 717u must be read to confer jurisdiction upon this Court. Section 717u reads in part: "The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of

violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder." This Court, however, agrees that the "highly reticulated procedure" detailed by the Sixth Circuit "would be entirely undermined if unhappy parties could come to district courts" prior to the issuance of a Certificate to avoid that process. *Lovelace v. United States*, Case No. 15CV30131 (D.Mass. Feb. 18, 2016).

Similarly, the Court finds no error in the Report's conclusion that the *Leedom* exception is not invoked under the facts presented herein. As the Report properly notes, the *Leedom* exception allows for Court review in limited circumstances despite an otherwise comprehensive statutory scheme of review. Greater Detroit Res. Recovery Auth v. U.S. E.P.A., 916 F.2d 317, 323 (6th Cir. 1990). "In order to bring a case within the exception, it must be shown that the action of the agency was a patent violation of its authority or that there has been a manifest infringement of substantial rights irremediable by the statutorily prescribed method of review." *Id*. Plaintiffs' contentions are that FERC improperly delegated safety regulation to another agency and improperly permitted Nexus to pursue a certificate as an interstate pipeline rather than an export pipeline. Neither argument demonstrates a "patent violation of authority." Rather, both simply represent claims that FERC improperly exercised its discretion in evaluating the circumstances before it. Those claims are precisely the type of claims that can and should be reviewed in compliance with the regulatory scheme set forth in the Natural Gas Act.

Having found no merit in Plaintiffs' objections and finding itself in agreement with the logic espoused in the Report, the Court hereby ADOPTS the Report in its entirety. Based upon that adoption, the motion for preliminary injunction (Doc. 6) is DENIED. Moreover, based upon the above, both motions to dismiss for lack of subject matter jurisdiction (Docs. 24 and 28) are GRANTED. This matter is hereby dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.


December 19, 2017         /s/ *Judge John R. Adams*
Date                      JUDGE JOHN R. ADAMS
                          UNITED STATES DISTRICT COURT